UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT McCUMBER,

                                    Plaintiff,          Civil Action No. 1:04-cv-11693-RGS

v.

COSCO INDUSTRIES, INC., MATT KOWALEC,
IVAN PHILPOT and LARRY FERGUSON,

                                    Defendants.

## DEFENDANTS COSCO INDUSTRIES, INC.'S
## AND IVAN PHILPOT'S MOTION TO DISMISS

Defendants, Cosco Industries, Inc. ("Cosco") and Ivan Philpot ("Philpot"), by their

counsel, hereby move this Honorable Court for dismissal of Counts II and IV of plaintiff's

Complaint And Jury Demand ("Complaint").   Cosco and Philpot make this Motion

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which

relief may be granted.  As the basis for the Motion, Cosco and Philpot state as follows:

    1.      The Complaint asserts five claims arising from the allegedly wrongful

termination of plaintiff's employment with Cosco.  Plaintiff alleges that he was stripped of

his duties as Vice President and General Manager of the Die Tech division of Cosco, and

that by doing so, defendants effectively terminated him without cause and triggered his

right to severance payments under his Salary Continuation Agreement.   (Complaint,

Counts, I, III, IV).  Plaintiff also alleges, presumably in the alternative, that defendants'

actions constituted a constructive discharge.  (Id. at Count II).

1

2.      Plaintiff further claims that the defendants' actions constituted wrongful discharge in violation of public policy (id. at Counts III and V), and that defendants tortiously interfered with plaintiff's contractual and prospective advantageous relationship with Cosco (id. at Count IV).  Cosco and Philpot move to dismiss Counts II and IV of the Complaint.[1]

3.      Count II, titled as a claim for breach of contract by failing to pay plaintiff his severance upon constructive discharge, is predicated upon a claim that the actions defendants allegedly took constituted a constructive discharge.  The claim must fail because the Complaint contains insufficient factual allegations that plaintiff's work conditions were so intolerable as to support a claim for constructive discharge.

4.      Count IV must be dismissed because the allegations are insufficient to state a claim of interference with contract or prospective advantage against these defendants.  As a matter of law, Cosco, as a party to the contract or relationship allegedly interfered with, cannot be liable on a claim of tortious interference.

5.      Similarly, because Philpot was Cosco's agent, no claim for tortious interference can be maintained unless actual malice is properly alleged.  Plaintiff's Complaint does not contain sufficient allegations of actual malice, and therefore fails to state a claim against Philpot upon which relief may be granted.

---

[1]      The same defenses, and perhaps more, apply to the other defendants named in the Complaint. However, because only Cosco and Philpot have been properly served in this action, they are the only defendants responding to the Complaint at this time.

For the foregoing reasons, as well as those more fully set forth in the accompanying memorandum in support of this Motion, Counts II and IV of the plaintiff's Complaint must be dismissed.

WHEREFORE, defendants Cosco Industries, Inc. and Ivan Philpot respectfully request that this Court grant their motion to dismiss Counts II and IV of the Complaint against them, with prejudice.

Dated:  September 3, 2004

Respectfully submitted,

Bruce E. Falby (BBO # 544143)
Kirsten M. Nelson (BBO # 634520)
**PIPER RUDNICK LLP**
One International Place
Boston, MA  02110
(617) 406-6000

Attorneys for Defendants
Cosco Industries, Inc. and Ivan Philpot

## RULE 7.1 CERTIFICATION

I, Kirsten M. Nelson, hereby certify that on September 3, 2004, I conferred with Lisa Curry, counsel for plaintiff, concerning the subject matter of this motion in a good faith effort to resolve or narrow the issues.

Kirsten M. Nelson

~CHGO1:30484039.v1  |9/2/04 11:18 AM

## CERTIFICATE OF SERVICE

I, Kirsten M. Nelson, hereby certify that on this 3d day of September, a copy of the foregoing document was served upon counsel of record, David A. Carey, Esq., Fragomeni & Carey, 15 Broad Street, Boston, MA 02109, by hand, and Lisa M. Curry, Esq., Uffelman & Curry, 165 Washington Street, Morristown, NJ 07960, by first-class mail, postage prepaid.

Kirsten M. Nelson

~CHGO1:30484039.v1  |9/2/04 11:18 AM