UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT McCUMBER,

                    Plaintiff

v.                                                    Civ. Action No. 1:04-CV-11693 (RGS)

COSCO INDUSTRIES, INC., ET AL.

                    Defendants

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Robert McCumber, by counsel, submits this memorandum of law in opposition

to the defendants' motion to dismiss portions of plaintiff's complaint.

## PRELIMINARY STATEMENT

Defendants' motion to dismiss is an over-eager and premature attempt to eliminate

certain of plaintiff's claims.  As will be discussed herein, defendants have not identified the

proper standard for assessing plaintiff's complaint at this early stage of the proceedings.

## STATEMENT OF FACTS

For the limited purposes of opposing this motion, plaintiff summarizes the facts as

alleged in the Complaint, *passim*, as follows:

Plaintiff McCumber, a Massachusetts resident, was employed as the Vice President and

General Manager of Cosco, at its DieTech division in Massachusetts.  Plaintiff and Cosco had a

1

written Agreement under which plaintiff was to recover certain benefits including severance pay should Cosco terminate him from his positions other than for cause.

Individual defendants Kowalec, Philpot and Ferguson had misappropriated some confidential business information from a competitor and used it in illegal and unethical ways at Cosco. Plaintiff did not engage in such activity, and he discussed the dishonest dealings of defendants with another managerial employee at Cosco. Defendants found plaintiff's continued presence at Cosco to be inconsistent with their plans for use of the misappropriated materials, and therefore decided to terminate him, without paying him as required by the Agreement. Consequently, plaintiff was stripped of his duties as Vice President and General Manager, and was permitted only to make sales calls in an unidentified territory. When plaintiff objected and insisted that he had been terminated in his role and was entitled to the severance benefits from the Agreement, defendants terminated him, refusing to pay him anything under the Agreement.

The actions of defendants constituted wrongful discharge, and were done wrongfully and maliciously, intentionally and without justification, causing him economic and non-economic damages. Plaintiff's complaint states claims for breach of contract by failure to pay salary continuation agreement, breach of discharge by failing to pay severance upon constructive discharge, wrongful discharge, tortious interference with contract and prospective economic advantage, and common law whistleblower protection.

## ARGUMENT

### A. The Standard for a Motion to Dismiss.

All allegations in a plaintiff's complaint shall be accepted as true for the purposes of rendering a decision on a Rule 12(b)(6) Motion to Dismiss. Jarosz v. Palmer, 49 Mass.App.Ct. 834 (2000), aff'd, 436 Mass. 526 (2002), as cited in Desrochers v. Tiax, 2003 WL 21246150 (Mass. Super.) 2003. The Court shall regard "the well-pleaded allegations of the complaint, and such favorable inferences as may rationally be drawn therefrom, as the facts against which the legal sufficiency of the complaint is measured." Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 690 N.E.2d 844, 1998; rev. on other grounds, 428 Mass. 684, 74 N.E.2d 1147 (1999). The only way that defendants can prevail in their motion is if it appears certain that plaintiff can obtain no relief under any state of facts which could be proved in support of the claim." Whitehall Co., Ltd. v. Merrimack Valley Distributing Co., Inc., 56 Mass.App.Ct. 853, 780 N.E.2d 479 (2002), citing Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 68, 595 N.E.2d 316 (1992).

Measured by this standard, plaintiff's Counts II and IV are sufficient to survive defendants' motion.

### B. Count II of plaintiff's Complaint alleges facts that support constructive discharge.

The argument in Count II of the Complaint is basically that plaintiff had a contract with defendant Cosco that gave plaintiff salary and benefits upon his termination from the position of Vice President and General Manger of a division of Cosco. Complaint ¶ 2,3. Defendants then stripped plaintiff of his duties, placing him in the role of a mere salesperson, though not adjusting

his salary or title. ¶ 38, 40. This constituted a constructive discharge of plaintiff. ¶ 63. The constructive discharge was a breach of the contract between defendant Cosco and plaintiff. ¶ 64.

1. Stripping a plaintiff of the majority of his/her duties constitutes constructive discharge in Massachusetts jurisprudence.

Defendants argue that allegations of being stripped of duties are insufficient to support a claim of constructive discharge, where the plaintiff retains his title and his salary. Controlling case law is to the contrary.

Whether constructive discharge occurred should be decided under the law of the Commonwealth of Massachusetts, as the operative events occurred in Massachusetts. Massachusetts jurisprudence recognizes two lines of cases in the area of constructive discharge: the first deals with situations where an employee faces intolerable working conditions, and the other deals with cases, like the one *sub judice*, where the employee is severely demoted or stripped of his authority or status in an executive position. Rubin v. Household Financial Services, Inc., 51 Mass.App.Ct. 432, 746 N.E.2d 1018 (2001). As an example of the stripped-of-authority type case, Rubin cites Kravitz v. Merchants Distribs., Inc., 387 Mass. 457, 440 N.E.2d 1278 (1982). In that case, the plaintiff sold his business to Merchants, through a contract which stated that Kravitz would stay on as branch manager of his former store. However, Merchants then reassigned Kravitz to a role overseeing the warehouse, though not changing his salary or benefits.

The Appellate Court found that the lower court had correctly held that a jury could have found that the reassignment was an involuntary termination of Kravitz, because it was "such a reduction of rank or material changes in duties from those called for by the contract that the contract was violated even though there was no reduction in pay or benefits". Kravitz, at 462.

4

Hence, the court found it was proper to characterize the change in duties as a breach of contract, and it was therefore proper to deny Merchants' motion for a directed verdict and for judgment not withstanding the verdict.    Id.

### 2.  Plaintiff's allegations of constructive discharge, together with favorable inferences therefrom, are sufficient to meet the elements of  constructive discharge.

Similarly, here, plaintiff McCumber has alleged that he was stripped of the duties of Vice President and General Manager, and forced to perform the menial task of salesman.  See Complaint, ¶ 38, 40.  This allegation of a dramatic change in duties, along with the inferences, favorable to plaintiff, that can be drawn from them, indeed is sufficient to plead facts that do establish constructive discharge.  Kravitz and Rubin, supra.  Therefore, Count II of plaintiff's complaint should survive the motion to dismiss.

Defendants' argument, by contract, is inappropriately based on a distinguishable First Circuit case, Suarez v. Pueblo Int'l, Inc., in which the court was entertaining a summary judgment motion in a federal ADEA case, and visited only a line of ADEA  cases dealing with intolerable working conditions.[1]

### C. Count IV of plaintiff's Complaint should survive the Motion to Dismiss.

In Count IV plaintiff alleges that his contract with Cosco was tortiously interfered with by Cosco, his former employer, and Philpot, an independent contractor who had been engaged by Cosco.

Defendants claim that no liability exists for interfering with one's own contract, and that resultingly, no liability exists where an agent or officer of a corporation interferes with the

---

[1] Defendants also rely on Rosado v. Santiago, which is distinguishable on the facts: Rosado involves a social worker whose supervisory duties were taken away, while his social worker duties remained.

corporation's contract. Both defendants' premise and their conclusion are inconsistent with Massachusetts jurisprudence.

1. A count for tortious interference survives a motion to dismiss where the facts alleged, along with inferences therefrom, are susceptible of the interpretation that defendants acted with actual malice or outside of the scope of employment.

Plantiff alleges in Count IV that defendants caused Cosco to breach the agreement with plaintiff to cover up their illegal and unethical involvement in using stolen confidential material, ¶ 58; that defendants stripped plaintiff of his responsibilities without cause, ¶ 63- 64; that Cosco and the individual defendants terminated him wrongfully and maliciously, ¶ 67-69, that they caused him pain, suffering and humiliation, ¶ 71, that individual defendants used stolen information to terminate plaintiff and to influence Cosco to terminate plaintiff, that they wrongfully interfering with plaintiff's employment, and they did so knowingly and intentionally, without justification. ¶¶ 74-88.

A claim for tortious interference can lie against a supervisor who acts out of malevolence, i.e., actual malice, in interfering with an employee's advantageous relationship with the employer. Gram v. Liberty Mutual Insurance Co., 384 Mass. 659, 429 N.E.2d 21 (1981). Moreover, where the supervisor acts *outside* the scope of his or her duties and in doing so interferes with an employee's advantageous relationship with an employer, that supervisor also can be found to be liable for tortious interference with the relationship. Id.

Defendants incorrectly state the standard for surviving a motion to dismiss. It is not, as they say, the law of this Commonwealth that "plaintiff has to allege that Philpot acted on his own, rather than as an agent of Cosco." Defendants' Brief, p. 8. Rather, under the Massachusetts standard for a motion to dismiss, plaintiff's complaint will survive if, its

allegations, "together with such favorable inferences as may rationally be drawn therefrom," provide facts that support the claim. Brum, 44 Mass.App.Ct. 318, 690 N.E.2d 844, (1998); rev. on other grounds, 428 Mass. 684, 74 N.E.2d 1147 (1999). The courts also are committed to interpreting that standard "in an exceedingly liberal manner." Whitehall. In other words, not only those facts alleged in the four corners of the complaint, *but also facts not actually alleged there but which are consistent with and can be rationally imagined to extend from the allegations in the complaint*, shall all be considered by the court on a motion to dismiss. As long as plaintiff's claims meet this low threshold, then Count IV will survive.

2. <u>Count IV's allegations and inferences to be rationally drawn therefrom are sufficient to support a claim for tortious interference against Philpot and Cosco.</u>

Under this analysis, plaintiff's contention in Count IV that defendant Philpot tortiously interfered with the contract between plaintiff and Cosco survives the instant motion. It is entirely consistent with plaintiff's allegations that by wrongfully terminating him and by utilizing stolen information, Philpot and the other defendants were acting in a manner inconsistent with Cosco's legitimate business purposes, and presumably, inconsistent with the scope of their employment (unless defendants wish to admit that Cosco's business purposes included the commission of theft and other crimes, as well as the tort of wrongful termination).

In addition, under this analysis, the allegation of tortious interference by Cosco also survives the motion. Nothing alleged is inconsistent with a finding that Cosco acted contrary to its business purposes, or to a finding that it acted with actual malice. Indeed, the allegations of illegal and unethical behavior point the other way. And it could be rationally inferred from the allegations that Cosco knowingly harmed and knowingly wrongfully terminated plaintiff that

Cosco also acted outside its business purposes or with actual malice. If so, then Cosco could be found to have tortiously interfered in its contract with plaintiff.

Finally, defendants object that plaintiff has not shown facts sufficient for a conclusion that defendants acted with actual malice, i.e., a spiteful, malignant purpose, unrelated to the legitimate corporate interest of the employer. Gram, 384 Mass. at 664. This is not dispositive of plaintiff's claim for tortious interference. Under Gram, a showing of actual malice is not needed for a claim of tortious interference, if plaintiff can show that defendant acted outside the scope of his employment. The 'actual malice' element is only needed where the action was *within* the scope of employment. Id.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Counts II and IV of plaintiff's complaint should be denied.

Dated: 9/10/04         , Respectfully Submitted,

David Carey, Esq. (BBO 541883)
Fragomeni & Carey
Boston, MA
(617) 523-6511
Attorneys for Plaintiff
Robert McCumber

CERTIFICATE OF SERVICE

I, David A. Carey, Attorney for the plaintiff hereby certify that on the 20th day of September 2004, a copy of the foregoing document was served upon defendant's counsel of record, Kristin M. Nelson, Piper Rudnick, One International Place, 21st Floor, Boston, MA  02110-2600 by hand and to Lisa M. Curry, Esq., Uffelman & Curry, 165 Washington St., Morristown, New Jersey, 07960, via first class mail

DAVID A. CAREY
BBO #541883
FRAGOMENI & CAREY
15 BROAD ST., SUITE 501
BOSTON, MA  02109
TEL. 617-523-6511
FAX: 617-523-2183