FILED
CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2004 OCT 12  P 2: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

Robert McCumber                              )
                                             )
                                             )   Civil Action No. 1:04-cv-11693-RGS
                                             )
                  Plaintiff                  )
                                             )
         v.                                  )
                                             )
Cosco Industries, Inc., Matt Kowalec,        )
Ivan Philpot and Larry Ferguson,             )
                                             )
                  Defendants.                )
                                             )

## COSCO INDUSTRIES INC.'S ANSWER, COUNTERCLAIM AND JURY DEMAND

Defendant COSCO INDUSTRIES, INC. ("COSCO"), for its Answer to the Complaint filed herein, states as follows:

### NATURE OF ACTION

1.    Cosco denies that there is currently pending in this Court any action such as that referenced in Paragraph 1 of the Complaint, and further states that the action styled *Teen v. Cosco Industries, Inc. et al.,* which was pending in the United States District Court for the District of New Jersey, has been dismissed.

2.    Cosco admits that plaintiff has filed a complaint seeking the referenced relief, but denies that plaintiff is entitled to any of the relief sought against Cosco. Cosco denies all other allegations contained in Paragraph 2.

3.    Cosco states that the Salary Continuation Agreement speaks for itself. Cosco otherwise denies the allegations of Paragraph 3.

4.      Cosco admits that plaintiff has filed a complaint seeking the referenced relief, but denies that plaintiff is entitled to any of the relief sought against Cosco or any of the individual defendants. Cosco denies all other allegations contained in Paragraph 4.

5.      Cosco denies the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6.

7.      Cosco admits the allegations of Paragraph 7.

8.      Cosco admits that Kowalec is a citizen of California, and denies the remaining allegations of Paragraph 8.

9.      Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9.

10.      Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10.

11.      Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11.

12.      Cosco admits that it has been doing business in the State of New Jersey during calendar years 2002 and 2003, and that it employed plaintiff's former supervisor who, while employed at Cosco, lived in New Jersey. Cosco denies the remaining allegations of Paragraph 12.

13.      Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 13.

## BACKGROUND

14.    Cosco admits that it is a manufacturer of rubber stamp components, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 14.

15.    Cosco admits the allegations of Paragraph 15.

16.    Cosco admits the allegations of Paragraph 16.

17.    Cosco admits the allegations of Paragraph 17.

18.    Cosco admits the allegations of Paragraph 18.

19.    Cosco admits the allegations of Paragraph 19.

20.    Cosco admits the allegations of Paragraph 20.

21.    Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21.

22.    Cosco admits that Matthews is a publicly-traded company that competes with Cosco's Graphics Division.  Cosco is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 22.

23.    Cosco admits that certain information relating to Matthews was reviewed at the May 2003 meeting.  Cosco denies the remaining allegations of Paragraph 23.

24.    Cosco admits that  either Ferguson or Philpot made the claim that Cosco's Graphics Division should be realizing a net profit of 6 to 8 percent of sales.  Cosco is without sufficient knowledge or information to form a belief as to the remaining allegations of Paragraph 24.

25.    Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 25.

26.     Cosco admits that Kowalec was given a copy of materials relating to Matthews. Cosco denies the remaining allegations of Paragraph 26.

27.     Cosco admits that Kowalec was given a document relating to Matthews. Cosco denies the remaining allegations of Paragraph 27.

28.     Cosco denies the allegations of Paragraph 28.

29.     Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29.

30.     Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 30.

31.     Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31.

32.     Cosco denies the allegations of Paragraph 32.

33.     Cosco denies the allegations of Paragraph 33.

34.     Cosco denies the allegations of Paragraph 34.

35.     Cosco denies the allegations of Paragraph 35.

36.     Cosco denies the allegations of Paragraph 36.

37.     Cosco denies the allegations of Paragraph 37.

38.     Cosco denies the allegations of Paragraph 38.

39.     Cosco denies the allegations of Paragraph 39.

40.     Cosco denies the allegations of Paragraph 40.

41.     Cosco denies the allegations of Paragraph 41.

42.     Cosco denies the allegations of Paragraph 42.

43.     Cosco denies the allegations of Paragraph 43.

44.     Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 44.

45.     Cosco admits that McCumber communicated his belief that a severance package was due under the Salary Continuation Agreement. Cosco denies that McCumber was entitled to any such package and denies the remaining allegations of Paragraph 45.

46.     Cosco admits that McCumber communicated his belief that a severance package was due under the Salary Continuation Agreement. Cosco denies that McCumber was entitled to any such package and denies the remaining allegations of Paragraph 46.

47.     In response to Paragraph 47, Cosco states that the June 30, 2003 email from McCumber to Kowalec speaks for itself.

48.     In response to Paragraph 48, Cosco states that the June 30, 2003 email from McCumber to Kowalec speaks for itself.

49.     Cosco admits the allegations of Paragraph 49. Answering further, Cosco states that McCumber has wrongfully retained certain benefits of his employment and severance package, including but not limited to, the car and gasoline credit cards provided to him by Cosco.

50.     In response to Paragraph 50, Cosco states that the July 1, 2003 email from McCumber to Kowalec speaks for itself.

51.     Cosco admits that it has refused to grant McCumber's request for payments under the Salary Continuation Agreement. Cosco denies the remaining allegations of Paragraph 51.

52.     Cosco admits that prior to July 15, 2003, McCumber continued to be the Vice President and General Manager of Die Tech and was paid his prior salary. Cosco denies the remaining allegations of Paragraph 52.

53.    In response to Paragraph 53, Cosco states that the July 2, 2003 email from Kowalec to McCumber speaks for itself. Cosco denies the remaining allegations of Paragraph 53.

54.    In response to Paragraph 54, Cosco states that the July 2, 2003 email from McCumber to Kowalec speaks for itself. Cosco denies the remaining allegations of Paragraph 54.

55.    In response to Paragraph 55, Cosco states that the July 7, 2003 letter from Kowalec to McCumber speaks for itself.

56.    In response to Paragraph 56, Cosco admits that a letter dated on or about July 15, 2003 was sent from Kowalec to McCumber by overnight courier. Cosco further states that the July 15, 2003 letter speaks for itself.

57.    Cosco denies the allegations of Paragraph 57.

58.    Cosco denies the allegations of Paragraph 58.

## COUNT ONE

(Breach of Contract by Failure to Pay Salary Continuation Agreement)

59.    Cosco repeats and reiterates its answers to the allegations contained in Paragraphs 1-58 of the Complaint with full force and effect as though more fully set forth herein.

60.    Cosco denies the allegations of Paragraph 60.

61.    Cosco denies the allegations of Paragraph 61.

## COUNT TWO

(Breach of Contract by Failure to Pay Severance upon Constructive Discharge)

62.    Cosco repeats and reiterates its answers to the allegations contained in Paragraphs 1-61 of the Complaint with full force and effect as though more fully set forth herein.

63.    Cosco denies the allegations of Paragraph 63.

64.    Cosco denies the allegations of Paragraph 64.

65.    Cosco denies the allegations of Paragraph 65.

## COUNT THREE

### (Wrongful Discharge)

66.    Cosco repeats and reiterates its answers to the allegations contained in Paragraphs 1-65 of the Complaint with full force and effect as though more fully set forth herein.

67.    Cosco denies the allegations of Paragraph 67.

68.    Cosco denies the allegations of Paragraph 68.

69.    Cosco denies the allegations of Paragraph 69.

70.    Cosco denies the allegations of Paragraph 70.

71.    Cosco denies the allegations of Paragraph 71.

72.    Cosco denies the allegations of Paragraph 72.

73.    Cosco denies the allegations of Paragraph 73.

## COUNT FOUR

### (Tortious Interference with Contract and Prospective Economic Advantage)

74.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein. Further answering, Cosco repeats and reiterates its answers to the allegations contained in Paragraphs 1-73 of the Complaint with full force and effect as though more fully set forth herein.

75.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein. Further answering, Cosco admits that

McCumber had a Salary Continuation Agreement with Cosco, but denies that McCumber had an employment contract with Cosco.

76.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 76.

77.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 77.

78.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 78.

79.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 79.

80.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 80.

81.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 81.

82.     Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 82.

83.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 83.

84.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 84.

85.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 85.

86.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 86.

87.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 87.

88.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 88.

89.    Count Four was dismissed by the Court as against Cosco, and therefore Cosco makes no answer to the allegations contained therein.  Further answering, Cosco denies the allegations of Paragraph 89.

## COUNT FIVE

### (Common Law Whistle Blower Protection)

90.    Cosco repeats and reiterates its answers to the allegations contained in Paragraphs 1-89 of the Complaint with full force and effect as though more fully set forth herein.

91.    Cosco admits that McCumber was qualified to perform his duties as Vice President and General Manager of Die Tech.  Cosco denies the remaining allegations of Paragraph 91.

92.    Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 92 regarding what McCumber claims to have "learned" or "reasonably believed," and what he claims to have "discussed" with Teen.  Cosco denies the remaining allegations of Paragraph 92.

93.    Cosco admits that Teen informed Cosco's CEO that Teen believed that Cosco management may not be acting ethically.  Cosco denies the remaining allegations of Paragraph 93.

94.    Cosco is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 94 regarding what the individual defendants may have been aware of.  Cosco denies the remaining allegations of Paragraph 94.

95.    Cosco admits that it terminated McCumber with the approval of Schmidt.  Cosco denies the remaining allegations of Paragraph 95.

96.    Cosco denies the allegations of Paragraph 96.

97.    The allegations of Paragraph 97 contain conclusions of law as to which no answer is required.  Cosco further states that the Massachusetts public policies speak for themselves.

98.    Cosco denies the allegations of Paragraph 98.

99.    Cosco denies the allegations of Paragraph 99.

100.    Cosco denies the allegations of Paragraph 100.

101.    Cosco denies the allegations of Paragraph 101.

102.    Cosco denies the allegations of Paragraph 102.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and this party reserves the right to move at or before the time of trial to dismiss same.

**WHEREFORE**, defendant COSCO INDUSTRIES, INC. demands judgment against plaintiff, dismissing the Complaint and awarding Cosco costs of suit and attorney's fees as allowed by law.

## COUNTERCLAIM

Defendant COSCO INDUSTRIES, INC. ("Cosco"), by way of counterclaim against plaintiff Robert McCumber ("McCumber"), states as follows:

1.    This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367(a) because it arises out of the same transaction or occurrence alleged in the plaintiff's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2.    McCumber has been employed by Cosco since on or about October 19, 1987. Since July 1, 1998, McCumber has been employed by Cosco as the Vice President and General Manager of the Die Technology Associates ("Die Tech") division of Cosco.

3.    As of at least June 2003, the terms of McCumber's employment, which were verbally agreed to by McCumber and Cosco, included the following items of compensation and benefits:

    a.    a salary of $125,000.00 per year;

    b.    car payment allowance of more than $600.00 per month;

    c.    health insurance coverage;

    d.    other benefits.

4.    In exchange for the compensation and benefits package described in Paragraph 3 above, McCumber was required and expected to perform a variety of duties, responsibilities, and objectives which included managing the Die Tech division of Cosco.

5.    McCumber's job responsibilities included being present at the Die Tech facilities in Randolph, Massachusetts to oversee and manage the operations of the Die Tech division.

6.    McCumber was further expected to comply with any conditions of employment, including but not limited to devoting his best efforts to the business of Cosco.  McCumber was expected to refrain from misconduct, insubordination, dishonesty, fraud, and other conduct inconsistent with the goals, objectives, and strategies of Cosco.

7.    McCumber was an at will employee of Cosco.

8.    McCumber had a Salary Continuation Agreement with Cosco, under which Cosco agreed to pay McCumber a specified severance package in the event of the termination of McCumber's employment under specified circumstances.

9.    The Salary Continuation Agreement provided that McCumber would be paid a severance package in the event of either:

12

(a)     a sale of both the Die Tech and Cosco Graphics Divisions of Cosco to a

buyer who terminates McCumber, reduces his salary by at least 10%, or

makes a substantial adverse change in McCumber's responsibilities;

OR

(b)     the termination of McCumber from active employment with Cosco, *unless*

such termination was "for cause."

10.     Under the Salary Continuation Agreement, termination "for cause" included, but

was not limited to, dismissal for misconduct, insubordination, dishonesty, fraud, conspiracy

against Cosco, noncompliance with any condition of employment, including, but not limited to,

the failure to devote best efforts to the business of Cosco, or any other reason deemed to be of

similar nature or import in Cosco's reasonable discretion.

11.     Upon information and belief, McCumber failed to perform the responsibilities,

obligations, and duties required of his job at Cosco.

12.     Despite abandoning and failing to perform and meet the responsibilities and

obligations of his job, McCumber continued to collect a salary and other benefits from Cosco up

until the time of his termination for cause on July 15, 2003.

13.     Despite his termination and for several months thereafter, McCumber also failed

and refused to return the vehicle and gasoline credit card and other benefits provided by Cosco as

an employee benefit, and continued to use and enjoy those benefits, despite Cosco's demand for

their return.

## COUNT ONE

### (Breach of Contract – Return of Moneys and Benefits Paid)

14.    Cosco realleges and incorporates all previous allegations in this Counterclaim as if fully set forth herein.

15.    McCumber had an oral contract with Cosco to perform obligations, responsibilities, and functions on behalf of Cosco's Die Tech division, in exchange for which McCumber was to receive compensation and benefits from Cosco.

16.    McCumber breached his contract with Cosco by failing to perform the requirements and obligations of his employment, as directed by Cosco, while still collecting the compensation and benefits from Cosco.

17.    Cosco fulfilled its obligations under the contract with McCumber by providing him with the agreed compensation and benefits for the duration of McCumber's employment with Cosco.

18.    McCumber is liable to Cosco for the value of compensation, including salary and other benefits provided to McCumber or on his behalf, during the time of his nonperformance and until the time of his termination.

19.    McCumber is also liable to Cosco for the value of compensation, including salary and other benefits wrongfully retained by McCumber or on his behalf, since the time of his termination.

**WHEREFORE,** Defendant and Counterplaintiff Cosco demands judgment against Plaintiff and Counterdefendant Robert McCumber for compensatory damages and consequential damages, together with interest and costs, and such other and further relief as the Court deems appropriate.

## COUNT TWO

### (Unjust Enrichment)

20.    Cosco realleges and incorporates all previous allegations in this Counterclaim as if fully set forth herein.

21.    The compensation, including salary, health insurance, car allowance, and other benefits paid to McCumber during and after his employment with Cosco conferred a benefit upon him.

22.    Under the circumstances as alleged herein, including McCumber's nonperformance of job responsibilities, McCumber's acceptance and retention of those benefits without payment of value, is inequitable and unjust.

23.    McCumber has been unjustly enriched as a result of the nonperformance as alleged herein, to Cosco's detriment.

24.    McCumber is liable to Cosco for the return of the value of all compensation, including salary and other benefits, provided to McCumber or on his behalf, during the time of his nonperformance and until the time of his termination.

25.    McCumber is also liable to Cosco for the return of the value of all compensation, including salary and other benefits, provided to or wrongfully retained by McCumber of on his behalf, since the time of his termination.

**WHEREFORE,** Defendant and Counterplaintiff Cosco demands judgment against Plaintiff and Counterdefendant Robert McCumber and an order requiring McCumber to return to Cosco the value of all compensation and benefits unjustly obtained or retained by McCumber from Cosco, together with interest and costs, and such other and further relief as the Court deems appropriate.

## TRIAL BY JURY

Cosco demands a trial by jury on all issues so triable.

COSCO INDUSTRIES, INC.

By its attorneys,

Bruce E. Falby (BBO #554143)
Kirsten M. Nelson (BBO #634520)
Piper Rudnick LLP
One International Place
Boston, MA 02110
(617) 406-6000

Dated: October 12, 2004.

## CERTIFICATE OF SERVICE

I, Kirsten M. Nelson, hereby certify that on this 12th day of October, a copy of the foregoing document was served upon counsel of record, David A. Carey, Esq., Fragomeni & Carey, 15 Broad Street, Boston, MA 02109, by hand, and Lisa M. Curry, Esq., Uffelman & Curry, 165 Washington Street, Morristown, NJ 07960, by first-class mail, postage prepaid.

Kirsten M. Nelson

16