UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT McCUMBER,<br><br>Plaintiff<br><br>v.<br><br>COSCO INDUSTRIES, INC., ET AL.<br><br>Defendants | Civ. Action No. 1:04-CV-11693 (RGS) |

## MOTION FOR LEAVE TO FILE OUT OF TIME
## ANSWER TO COUNTERCLAIM

Now comes the Plaintiff, Robert McCumber, by and through its local counsel, David A. Carey, and respectfully requests leave to file out of time his Answer to the Counterclaim of Defendant Cosco Industries, Inc., the proposed form of which is attached to this Motion. In support of this Motion, Plaintiff submits the following:

Procedural Background

Plaintiff filed his Complaint in U.S. District Court for the District of New Jersey. The matter was transferred to the District of Massachusetts in July 2004. Plaintiff is represented by Lisa M. Curry, Esq., of Leib, Kraus, Grispin & Roth, 328 Park Avenue, Scotch Plains, New Jersey, with David A. Carey, Esq. of Boston, serving as local counsel. Ms. Curry's application for pro hac vice admission is pending.

On October 15, 2004, Defendant Cosco Industries, Inc. ("Cosco") filed an Answer and Counterclaim. Cosco's Certificate of Service indicates the pleading was sent to Plaintiff's New Jersey counsel and hand-delivered to local counsel on October 12, 2004. Neither Ms. Curry, her law partner at the time, nor Mr. Carey recalls seeing Cosco's Answer and Counterclaim.[1] Plaintiff's Answer to Cosco's Counterclaim was due on November 4, 2004. For the reasons set forth below, Plaintiff failed to file his Answer to the Counterclaim in a timely manner. No default has been entered.

Factual Background

Plaintiff's New Jersey counsel up until December 1, 2004, was Uffelman & Curry, a two-attorney firm with a part-time secretary. In October, 2004, when defendant Cosco filed its

---

[1] Both Plaintiff's New Jersey counsel and his Massachusetts counsel are unable to determine with certainty that copies of Cosco's Answer and Counterclaim was received by their respective offices.

counterclaim, Plaintiff's lead counsel, David Uffelman, Esq., had recently returned to the office from a lengthy medical absence which included a period of hospitalization. Prior to and following that hospitalization, Mr. Uffelman was not able to take on a full caseload, due to illness. In addition, the firm's secretary resigned without notice in mid-October, and the firm was not able to replace her until mid-November. After the secretary's departure, Lisa Curry, Esq., Mr. Uffelman's partner, discovered that a great many office documents had been misfiled or not filed at all. Ms. Curry attempted to continue the small law practice during this time of turmoil; however, the need to file an Answer to Cosco's Counterclaim by November 4, 2004 was apparently overlooked. Mr. Carey, whose two-person firm was dissolving during this period, also was unaware of the Counterclaim or the deadline for the Answer.

Ms. Curry left the firm of Uffelman & Curry effective December 1, 2004. Plaintiff asked her to take his file with her when she moved to her new (current) firm, and she did so. Ms. Curry began work at her new firm on December 13, 2004. She resumed work on the McCumber file the week of December 13th.

On December 16, Ms. Curry was working on the file and realized that Cosco's Counterclaim had not been answered. She immediately attempted to contact Cosco's counsel to discuss the matter. Ms. Curry requested consent from Cosco's counsel to file an out of time Answer. On Thursday evening, December 16, 2004, Ms. Curry faxed a draft Answer to Cosco's counsel. On Tuesday, December 21, Cosco's counsel informed Ms. Curry that Cosco would not authorize her to consent. Ms. Curry then contacted the Court, which instructed her to file this Motion.

Legal Argument:

It is a well-established tenet of law that leave to file a pleading out of time should be freely granted in the interest of justice, if no extenuating circumstances are present. The alternative action by the court would be a default judgment, but the rule authorizing a court to enter a default judgment is to be liberally construed in order that litigants have an opportunity to be heard. Kinnear Corp. v. Crawford Door Sales Co., 49 F.R.D. 3, 7 (D.C.S.C. 1970) (party was allowed to file his Answer where he had not acted with the purpose of hindering and delaying the opposite party, and the trial of the case on its merits was not materially delayed by permitting such). Default judgments "are not favored" and should be reserved for "extreme situations where other less drastic sanctions have proven unavailing." Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995) (holding that situation did not warrant a default judgment against a party who had not filed a responsive pleading, where failure to file it caused only minimal delay, no prejudice to opposing party resulted, and party was not correctly served). In Sherman v. Hallbauer, 455 F.2d 1236 (5th Cir. 1972), the Fifth Circuit permitted a plaintiff essentially to amend his complaint out of time, after four years of litigation, during opposition to summary judgment. The Seventh Circuit, similarly, found that the lower court's discretion was not abused by permitting a party to file an Answer to a Complaint out of time, five weeks after a previously extended deadline and two weeks after default had been entered. Willis v. Freeman,

(unpublished order), 83 Fed. Appx. 803, 805, 2003 WL 22852988, *1 (5th Cir. 2003) (party's conduct was not so egregious as to deserve a default judgment).

Here, proceedings have not even progressed to the point where a default order has been entered. Indeed, Plaintiff's counsel brought this matter to the defense counsel's attention. Most significantly, there is no prejudice to any defendant by permitting Plaintiff to file his Answer to Counterclaim out of time. The Answer to the Counterclaim raises no new issues or legal theories. Even if it did, that would not preclude its filing out of time; see, Sherman v. Hallbauer, supra. The Court's schedule for discovery is not affected by permitting this filing out of time. There was no dilatory behavior by counsel; the apparent oversight was just that, and hopefully understandable in the given circumstances. Once she realized the oversight, counsel had a draft Answer in Cosco's counsel's hands in a matter of hours. Moreover, Plaintiff has previously given Defendants extensions and ample time to file their papers in this matter. In short, this filing, still early on in the case, is hardly the sort of "egregious conduct" that would merit punishing Plaintiff with a default judgment. In Re Hall, 304 F.3d 743, 748-9 (7th Cir. 2002), cited in Willis, supra.

Conclusion

For the reasons cited above, Plaintiff requests that this Court grant him leave to file his Answer to Counterclaim, attached hereto, within seven days after entry of an appropriate Order.

David Carey, Esq. (BBO 541883)
Boston, MA
(617) 523-6511

Dated: _____

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December, 2004, a copy of Plaintiff's Motion for Leave to File Out of time Answer to Cosco's Counterclaim was served by regular mail and fax to defendants' counsel as follows:

Kirsten Nelson, Esq.
Piper Rudnick, LLP
One International Place
Boston, MA 02110
Fax: (617) 406-6114

David Carey, Esq. (BBO 541883)
Boston, MA
(617) 523-6511