UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MCCUMBER ) | |
| ) | Civil Action No. 1:04-cv-11693-RGS |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| COSCO INDUSTRIES, INC., MATT ) | |
| KOWALEC, IVAN PHILPOT AND ) | |
| LARRY FERGUSON, ) | |
| ) | |
| Defendants. ) | |

### COSCO INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OUT OF TIME ANSWER TO COUNTERCLAIM AND REQUEST FOR DEFAULT

Defendant Cosco Industries, Inc. ("Cosco") hereby opposes plaintiff's motion for leave to file out of time answer to counterclaim. As grounds for this opposition, Cosco states as follows:

### Background

Plaintiff Robert McCumber ("McCumber") commenced this action on July 23, 2003 in the District of New Jersey. In the Complaint, plaintiff asserts five counts arising from an allegedly wrongful termination. The case was transferred to the District of Massachusetts on July 19, 2004 pursuant to a consent order to transfer.[1] Plaintiff served defendants Cosco and

---

[1] When the case was pending in the District of New Jersey, Cosco filed a motion to dismiss for lack of venue. At the initial case management conference on October 31, 2003, the judge indicated that the case should be transferred to the District of Massachusetts and plaintiff's counsel agreed to the transfer. Nevertheless, plaintiff's counsel did nothing to effectuate the transfer until July 2004 – more than eight months later – and plaintiff took no action in the case during that period.

Ivan Philpot ("Philpot") on or about August 12, 2003. Plaintiff has not served defendants Matt Kowalec and Larry Ferguson in over eighteen months and is out of time to do so.

On September 3, 2004, defendants Cosco and Philpot moved to dismiss the complaint against them. At the initial scheduling conference on September 27, 2004, this Court allowed the motion as to Count IV (tortious interference). Thereafter, Cosco and Philpot filed answers on October 12, 2004. Cosco's answer also asserted a counterclaim against McCumber. The counterclaim alleges breach of contract and unjust enrichment arising from McCumber's failure to perform his job responsibilities while continuing to collect salary and benefits. The reply to the counterclaim was due on November 4, 2004. McCumber did not file a reply and did not seek an extension of time to file a reply to the counterclaim until over one and a half months after it was due.

On September 23, 2004, prior to the initial scheduling conference, the parties conferred and established a proposed schedule for the case. The parties submitted a joint proposed scheduling plan to the court which was approved. Under the ordered schedule, the parties were to make their initial disclosures on November 1, 2004. Counsel for defendants Cosco and Philpot contacted counsel for plaintiff concerning the initial disclosures and counsel agreed to a brief extension until November 9, 2004 to mutually exchange initial disclosures. Cosco and Philpot made their initial disclosures in this case on November 9, 2004. Plaintiff did not make his initial required disclosures until December 22, 2004 – the day the subject motion was filed. Plaintiff did not seek leave to serve his Rule 26 disclosures well over one month late.

## Argument

Pursuant to Fed. R. Civ. P. 55(a), the clerk shall enter a party's default when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as

provided by the rules. Here, McCumber has failed to plead or otherwise defend as provided by the rules and default should enter as to the counterclaim of Cosco. McCumber, however, seeks leave of court to file his reply to the counterclaim late on the ground that counsel "overlooked" the fact that a reply was due. McCumber has not established good cause to justify his request for leave to file late and avoid the entry of default.

Plaintiff has acted with an utter lack of diligence throughout this case. Plaintiff's failure to file a reply to the counterclaim is not based on good cause or excusable neglect.[2] Plaintiff cites a variety of reasons as to why he has not filed a reply. These include the fact that counsel worked at a small firm with a part-time secretary; lead counsel was on a lengthy medical leave (although there were two other lawyers, one at another firm, who had appearances in the case at the time); the part-time secretary resigned; counsel discovered that documents had been misfiled; and counsel "overlooked" the fact that a reply to a counterclaim needed to be filed. These reasons advanced by plaintiff do not amount to good cause or excusable neglect – they are simply a lack of diligence and demonstrate a disregard towards the most basic aspects of the rules of procedure.

Plaintiff's lack of diligence in failing to file and serve a reply to the counterclaim is consistent with the lack of diligence demonstrated throughout this case. McCumber has failed to serve, or even attempt to serve, two of the defendants in this case. McCumber is now well outside the 120-day period for service and this Court should dismiss the action as to the non-served defendants (Kowalec and Ferguson) with prejudice. See Fed. R. Civ. P. 4.

---

[2] Plaintiff suggests in his motion that even though the answer and counterclaim of Cosco contained a certificate of service signed by counsel certifying that the document had been served on counsel for plaintiff, that counsel is unable to determine with certainty whether in fact it was received. This completely unsupported statement highlights the lack of diligence demonstrated by plaintiff in this action. If plaintiff had not received an answer to his complaint when due, why wasn't counsel calling and asking where it was or seeking a default from the court? The suggestion that Cosco's counsel did not actually serve the answer and counterclaim is baseless and a transparent effort to deflect attention away from plaintiff's lack of diligence.

In addition, McCumber failed to make timely initial disclosures pursuant to Fed. R. Civ. P. 26(a). McCumber agreed to a date for initial disclosures in a joint statement filed with the Court. The parties agreed to a brief one week extension of that date and defendants Cosco and Philpot served their disclosures on that date. Notwithstanding receiving the disclosures of Cosco and Philpot, plaintiff failed to make disclosure until December 22, 2004, the date of the filing of this motion. Plaintiff did not seek leave to serve his disclosures late.

In short, McCumber has not acted with reasonable diligence in this case and has shown a disregard for the court's procedural rules. This Court should not permit plaintiff leave to file the reply to counterclaim late. Instead, this Court should enter a default against plaintiff on the counterclaim.

## Conclusion

For the forgoing reasons, Cosco requests that this Court deny the motion for leave to file reply to counterclaim late, enter a default against McCumber on the counterclaim of Cosco and dismiss the complaint against defendants Matt Kowalec and Larry Ferguson for failure to make service of process within the time permitted.

COSCO INDUSTRIES, INC.

By its attorneys,

_____
Bruce E. Falby (BBO #554143)
Kirsten M. Nelson (BBO #634520)
Piper Rudnick LLP
One International Place
Boston, MA 02110
(617) 406-6000

Dated: January 5, 2005

4