UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| ROBERT McCUMBER, |
| --- |
| Plaintiff |
| v. |
| COSCO INDUSTRIES, INC., ET AL. |
| Defendants |

Civ. Action No. 1:04-CV-11693 (RGS)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY**

**TO COSCO'S OPPOSITION and**

**OPPOSITION TO COSCO'S REQUEST FOR DEFAULT**

Now comes the plaintiff, Robert McCumber, by and through its local counsel, David A. Carey, and seeks leave to file a reply to Cosco's Opposition to Plaintiff's Motion for Leave to File Out of Time Answer to Counterclaim, and opposes Cosco's Request for Default. As grounds for same, Plaintiff submits the following:

Background

The relevant procedural background was set forth in plaintiff's Motion papers. Defendant Cosco adds several facts, some of which are incorrect.

First, Cosco's counsel incorrectly asserts that the onus was always on plaintiff to transfer the case from the District of New Jersey to the district of Massachusetts. In fact, defendants were the ones who wanted it transferred and the onus was on them. Indeed, defendant Cosco's counsel of record when the case was in the District of New Jersey, Steven Gooby, confirmed in a

telephone conversation with plaintiff's counsel in December 2003 that his firm had assumed the responsibility for having the case transferred. After several phone conversations over a period of time, it became apparent to plaintiff's counsel that Mr. Gooby was not going to effectuate the transfer, so in June 2004 plaintiff's counsel took on that burden and had the case transferred. (Certification of Lisa M. Curry, Esq.,).

Second, Cosco's counsel is incorrect that defendants have not all been served. They have, as evidenced by returns of service attached as Exhibits A and B to Curry Certification. Moreover, Cosco's counsel previously had claimed that only Kowalec was improperly served; and plaintiff's counsel agreed to re-serve Kowalec. Cosco's counsel never inquired after the affidavit of that service nor has Cosco's counsel ever previously alleged that any other defendant was improperly served. Curry Cert., ¶5.

Argument

Contrary to Cosco's counsel's argument, the circumstances which impacted plaintiff's counsel's ability to file the reply in time are indeed relevant and they are such that default is not appropriate.

As is evidenced by cases cited in plaintiff's motion papers, courts must take into account the reasons why counsel may have sought permission to file out of time, and the court shall grant such permission in all but the most egregious cases where prior attempts to bring counsel in line have failed. Willis v. Freeman, (unpublished order), 83 Fed. Appx. 803, 805, 2003 WL 22852988, *1 (5th Cir. 2003) (party's conduct was not so egregious as to deserve a default judgment where Answer was filed five weeks after a previously extended deadline and two

weeks after default had been entered ) (citations omitted); Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995) (holding that default judgments "are not favored" and should be reserved for "extreme situations where other less drastic sanctions have proven unavailing," and finding that situation did not warrant default against a party who had not filed a responsive pleading, where failure to file it caused only minimal delay, no prejudice to opposing party resulted, and party was not correctly served).

Moreover, under the prevailing case law, the motives of the out-of-time party are indeed relevant in any consideration of whether any sanction is appropriate. Id. There is no reason here to suppose, and indeed, it is not the case, that plaintiff or his counsel have in any way attempted to hinder or delay Cosco in this matter. To the contrary, plaintiff's counsel has attempted at all times to act with diligence. It was plaintiff's counsel who took over the task of transferring the case to Massachusetts. In order to facilitate communication as far as possible and to maximize the opportunity for parties to discuss the case, plaintiff's out of state counsel traveled from New Jersey to Massachusetts for the September conference, and plaintiff's local counsel attended that conference as well. When plaintiff's counsel realized the oversight in filing the Answer to Counterclaim, they immediately delivered a draft of the Answer to Cosco's counsel. Nonetheless, Cosco's counsel attempts now overzealously to seize an opportunity to side-step plaintiff's claims based on the application of a technicality where that would result in a manifest injustice.

In Footnote 2, Cosco argues that plaintiff was remiss in not calling Cosco's counsel to file an answer and counterclaim. This is a case of the pot calling the kettle black. Cosco's counsel failed to follow through with transferring this case for months, and did not call plaintiff's

counsel to inquire where plaintiff's answer to the counterclaim was. Indeed, not once has Cosco's counsel called plaintiff to ask about any pleadings or documents that they now claim are untimely: this demonstrates that Cosco's counsel was not "hindered" or "delayed" at all by the minor delays that may have occurred in this matter. *Compare*, Kinnear Corp. v. Crawford Door Sales Co., 49 F.R.D. 3, 7 (D.C.S.C. 1970) (party who did not try to hinder or delay the other side should not be penalized by default judgment).

The point to be taken, however, is that Cosco's counsel admits receiving the Complaint while Plaintiff's counsel did not ever see the Answer and Counterclaim, however that came to pass. Contrary to Cosco's counsel's assertion, there is nothing "baseless" about counsel stating the plain fact that they never saw Cosco's pleading. Curry Cert. Plaintiff's counsel did not call the adversary's counsel about the Answer out of professional courtesy, anticipating that Cosco's counsel was awaiting written confirmation of the Court's ruling at the September conference, and/or that they needed more time to file the Answer. Curry Cert. Cosco's counsel had previously asked for an extension of time, which plaintiff granted. Clearly, that type of professional courtesy is not being extended to plaintiff's counsel.

Plaintiff's counsel has made serious and continual efforts to keep this case on track despite unavoidable setbacks and obstacles. Cosco's counsel's attempt to cast aspersions on good-faith efforts by adversarial counsel are baseless, not to mention contrary to the spirit of litigation. The default rule is to be liberally construed so that litigants have an opportunity to be heard. Kinnear, supra.

Finally, this litigation is still at a preliminary stage. There is no prejudice to any defendant by permitting plaintiff to file his Answer to Counterclaim out of time. Plaintiff's

Answer to the Counterclaim raises no new issues or legal theories. Even if it did, that would not preclude its filing out of time; see, cases cited in plaintiff's motion papers. The Court's schedule for discovery is not affected by permitting this untimely filing.

Conclusion

For the reasons cited above, plaintiff requests that this Court grant him leave to file his Answer to Counterclaim, attached hereto, within seven days after entry of an appropriate Order; and that this Court deny Cosco's request to enter default.

David Carey (T.C.)
David Carey, Esq. (BBO 541883)
Boston, MA
(617) 523-6511

Dated: 1/11/05

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that on this 11th day of January, 2005, a copy of Plaintiff's Reply to Cosco's Opposition to Plaintiff's Motion for Leave to File Out of Time Answer to Counterclaim, and Opposition to Cosco's Request for Default Motion, was served by regular mail and fax to defendants' counsel as follows:

Kirsten Nelson, Esq.
Piper Rudnick, LLP
One International Place
Boston, MA 02110
Fax: (617) 406-6114

David Carey (T.C.)
David Carey, Esq. (BBO 541883)
Boston, MA
(617) 523-6511