UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| COSCO INDUSTRIES, INC., | ) |
| MATT KOWALEC, IVAN PHILPOT and | ) |
| LARRY FERGUSON, | ) |
| | ) |
| Defendants | ) |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT LARRY FERGUSON

I, Bruce E. Hopper, being duly sworn hereby depose as follows:

1. I am over the age of eighteen (18) years and understand the obligations of an oath.

2. I am the attorney for Plaintiff Robert McCumber and, as such, I am personally familiar with the facts stated herein;

3. I submit this affidavit in support of the Plaintiff's Motion for Entry of Default against Defendant Larry Ferguson;

4. The Plaintiff, Robert McCumber, is an individual residing at 53 Meeting House Road Indian Pond Estates, Kingston, Massachusetts;

5. The address of Defendant Larry Ferguson is Die Technology Associates (Cosco Industries) 29 Teed Drive, Randolph, Massachusetts;

6. The Complaint in the above-captioned action was filed on July 21, 2003 with the District of New Jersey, United States District Court;

7. On July 14, 2004, the parties agreed to transfer the above-captioned action to the United States District Court for the District of Massachusetts, Eastern Division.

8. On September 24, 2003, Process Server, Jason Rudy, served Defendant Larry Ferguson by personally delivering a true and attested copy of the Summons and Complaint to the Defendant, pursuant to Rule 4(c) and (e) of the Federal Rules of Civil Procedure;

9. Defendant Larry Ferguson failed to file an Appearance in the above-captioned action;

10. Defendant Larry Ferguson failed to file a response to the Complaint, which was due on or before October 14, 2003, as required by Rule 12(a) of the Federal Rules of Civil Procedure;

11. In the Complaint, Plaintiff claims that Defendant Ferguson, with the assistance of others, caused Defendant Cosco Industries, Inc. to terminate his employment by stripping him of all his duties, responsibilities and authorities as Vice President and General Manager of the Die Tech division of Cosco. Plaintiff further claims that Defendant Ferguson, with the assistance of others, caused Cosco to breach the Salary Continuation Agreement in order to cover up their illegal and unethical involvement in using confidential material stolen from Matthews, as indicated in the Complaint; and

12. To the best of my knowledge and belief, Defendant Ferguson is not in the military service and is not an infant or incompetent

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF MARCH, 2005.

Bruce E. Hopper