UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT MCCUMBER, | ) | |
| | ) | |
| | ) | Civil Action No. 1:04-cv-11693-RGS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COSCO INDUSTRIES, INC., | ) | |
| MATT KOWALEC, IVAN PHILPOT, | ) | |
| AND LARRY FERGUSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPPOSITION TO MOTION TO EXTEND TIME LIMIT FOR SERVICE
### and
## MOTION TO DISMISS AS TO UNSERVED DEFENDANTS

Defendants Cosco Industries, Inc. ("Cosco") and Ivan Philpot ("Philpot"), through

counsel, submit this opposition to plaintiff's Motion To Extend Time For Service ("Plaintiff's

Motion"), and also move for dismissal of the Complaint as against unserved defendants pursuant

to Federal Rule of Civil Procedure 4(m) and Local Rule 4.1(b).  Matt Kowalec ("Kowalec") and

Larry Ferguson ("Ferguson"), neither of whom have been served in this action, also appear now,

through counsel and without waiving any defense related to lack of service of process, for the

limited purpose of opposing Plaintiff's Motion and to request dismissal of the Complaint against

them for failure to effect service of process.

### I.        INTRODUCTION

Plaintiff's Motion requests that he be granted additional time in which to serve two of the

defendants named in the Complaint.  Significantly, this request comes **more than 20 months**

**after the Complaint was filed** on July 21, 2003.  Now, after more than a year and a half,

plaintiff seeks additional time to serve summonses that expired on November 18, 2003, 120 days after the filing of the Complaint. *See* Federal Rule of Civil Procedure 4(m); Local Rule 4.1.

Just last month, plaintiff filed motions for entry of default against Kowalec and Ferguson based upon an October 20, 2004 return of service for Kowalec, and a September 24, 2003 return of service for Ferguson. Kowalec and Ferguson, appearing specially, submitted an opposition together with supporting declarations from Kowalec, Ferguson, and Philpot which demonstrate that neither Kowalec nor Ferguson was served. (A copy of defendants' Opposition To Motions For Entry Of Default, together with supporting Declarations, is attached hereto as Exhibit A). Presumably upon this basis, (as well as the fact that any summons allegedly served on Kowalec on October 20, 2004 would have been stale and invalid), both motions for entry of default were denied.

Plaintiff can demonstrate no good cause for this inordinate delay in serving the defendants or in requesting additional time. Plaintiff failed to make diligent efforts to re-serve Kowalec within the 120-day time for service, even after two early attempts were returned as unsuccessful. Plaintiff also failed to make diligent or timely efforts to serve Ferguson after becoming aware of facts indicating that service on Ferguson was ineffective. Plaintiff's lack of diligence and absence of good cause requires that Plaintiff's Motion be denied, and that defendants' instant Motion To Dismiss the Complaint as against unserved defendants Kowalec and Ferguson be granted.

~CHGO1:30566193.v1
309114-10

## II.     ARGUMENT

### A.     Plaintiff's Motion To Extend Time Limit For Service Should Be Denied.

In order to justify an extension of the 120-day limit for effecting service, a plaintiff must demonstrate good cause for the delay or failure to serve the defendants.  Plaintiff has an affirmative burden to demonstrate good cause why service was not made within the prescribed period.  *Schuster v. Conley*, 107 F.R.D. 755 (D. Pa. 1985).  "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m) ***unless*** plaintiff has diligently attempted to complete service."  *Mused v. U.S. Dept. of Agriculture Food & Nutrition Service*, 169  F.R.D. 28, 34 (W.D.N.Y. 1996) (emphasis added).  The requirement of good cause is a stringent standard requiring diligence, and cannot be satisfied by a showing of inadvertence of counsel, change of counsel, or similar excuses.  *See Coleman v. Greyhound Lines, Inc.*, 100 F.R.D. 476, 477 (D. Ill. 1984).

### 1.     No Good Cause Exists For Plaintiff's Failure To Timely Serve Kowalec.

According to Plaintiff's Motion, there were two early but unsuccessful efforts to serve Kowalec.   (Plaintiff's Motion, ¶ 2).  With respect to each of these, plaintiff received a "Notice of Not Served."  *Id.*  Despite notice of these unsuccessful attempts to serve Kowalec, plaintiff made no further effort to serve him until October 20, 2004 – well after the summons had expired.  Such delay and lack of diligence for over a year demonstrates an absence of good cause for extending time for service.  *See O'Keefe v. St. Lawrence & Atlantic R. Co.*, 167 F.R.D. 30, 33 (D.Vt. 1996) (" A single defective attempt at service which was not followed by an attempt to correct service within the 120 day time frame fails to meet reasonableness of effort prong of the [good cause] test.").

~CHGO1:30566193.v1
309114-10

**2.     No Good Cause Exists For Plaintiff's Failure To Timely Serve Ferguson.**

With respect to Ferguson, plaintiff relies on an attempt to serve Ferguson in Massachusetts on September 24, 2003 to justify the present request for additional time to properly serve Ferguson.  (Plaintiff's Motion, ¶ 1).  However, plaintiff has known for at least 6 months that the September, 2003 service on Ferguson was ineffective.  As early as mid-September 2004 (if not sooner), prior to the parties' submission of the Joint Proposed Scheduling Plan (filed September 23, 2004) and prior to the September 27, 2004 Rule 16 conference with the Court, Chicago counsel for defendants Cosco and Philpot advised plaintiff's counsel, Lisa Curry, that no service had been made on Ferguson or Kowalec.  *See* Declaration of Paula Friedman ("Friedman Decl."), ¶¶ 2-7, Exhibit B hereto.[1]  Following that conversation, plaintiff's counsel demonstrated her knowledge of defects in service on Ferguson by stating in the Joint Proposed Scheduling Plan as follows:

> It is unclear and in dispute whether the remaining defendants, Larry Ferguson and Matt Kowalec, have been properly served with process in this litigation.  Plaintiff intends to attempt service of process on these defendants.

Joint Proposed Scheduling Plan, ¶ 5 (Exhibit C hereto).

Despite this knowledge and avowed intent to serve both Ferguson and Kowalec as reflected in September 23, 2004 Joint Proposed Scheduling Plan, plaintiff made no effort in the past 7 months to re-serve Ferguson or to seek additional time to do so (until now), choosing

---

[1]     Specifically, Ms. Friedman explained that there was no return of service for Kowalec, and that the return of service for Ferguson was invalid because Ferguson was neither present at the service location on the alleged date of service, nor had he authorized anyone else to accept service on his behalf.  Friedman Decl. ¶¶ 5-7.  *See also* Ferguson Decl. ¶¶ 3-6;  Philpot Decl. ¶¶ 3-4  (Exhibits B and C to Opposition To Motions For Entry of Default).  Ms. Friedman further explained that when defendant Philpot was served on September 25, 2003, the process server showed him the summons he had for Ferguson and asked if he knew where he might find Ferguson.  When Philpot responded that the California address indicated on the face of the summons appeared to be correct, the process server simply handed them to Philpot, saying "I'll just leave these with you," or words to that effect.  Friedman Decl. ¶¶ 6-7;  Philpot Decl. ¶ 3.

instead to rely on the defective service upon Ferguson.  This lack of diligence demonstrates an absence of good cause to extend the time for serving Ferguson.  *See Cox v. Arizona League of Professional Baseball Clubs, Inc.*, 151 F.R.D. 436, 438 (M.D. Fla. 1993 (no good cause shown where "plaintiff[] continually delayed to take active steps toward obtaining proper service, until literally 'the eleventh hour.'").

> **3.     No Exceptional Circumstances Exist To Excuse Plaintiff's Failure To Timely Serve Kowalec and Ferguson.**

In the absence of good cause, the court may exercise discretion to allow an extension of time to effect service in exceptional circumstances.  *See McIsaac v. Ford*, 193 F. Supp. 2d 382 (D. Mass. 2002)(granting unserved defendants' motion to dismiss for failure to serve within 120 days, and rejecting plaintiff's request that untimely service be excused).  In *McIsaac*, this Court recognized that such exceptional circumstances may include situations when statute of limitations would otherwise run on claims against unserved defendants.  *Id.* at 384 (citing Advisory Committee Notes to Rule 4(m)).  But even then, "this exceptional relief is appropriate only in circumstances where an extension of time is sought *prior to the expiration of Rule 4(m)'s deadline*, or where a pro se litigant can show confusion on his part . . ." *Id.* (emphasis added). "The risk of a dismissal with prejudice is one that is assumed by waiting until two days before the expiration of the statute of limitations to file his Complaint and then doing nothing until the last minute to have it served."  *Id.*

Here, plaintiff makes no claim that absent an extension, the dismissal of claims against Kowalec and Ferguson would be with prejudice by operation of any statutes of limitations.[2] Even if plaintiff had identified claims that would be time-barred if an extension is not granted,

---

[2]     A dismissal would operate as a dismissal with prejudice to the extent that any claims are refiled past their respective statutes of limitations.  *See McIsaac*, 193 F. Supp. 2d at 382 n.1.

- 5 -

plaintiff seeks such relief too late, having waited until *after* expiration of the 120 days. He has failed to demonstrate diligence both in his efforts to serve these defendants, and in making his request for additional time to do so. Accordingly, no exceptional circumstances exist as a basis for plaintiff's 25th hour request for an extension of time to effect service of process.

The Advisory Committee Notes to Rule 4(m) also suggest that exceptional circumstances may exist "if the defendant is evading service or conceals a defect in attempted service." No such circumstances exist here. To the extent that plaintiff claims to have relied on the false Return of Service for Ferguson, such reliance is unjustified because plaintiff has known of that defect for more than 6 months. *See* Joint Proposed Scheduling Plan, ¶ 5; Friedman Decl. ¶¶ 6-7.

Plaintiff cannot rely on mistaken belief that Kowalec had been served because the Notices of Not Served received by plaintiff belie such belief. Plaintiff neither received nor filed a Return of Service within the 120 day time frame, and the notices of the failed attempts to serve Kowalec establish plaintiff's knowledge that service on Kowalec had not been perfected within the 120-day period. Moreover, plaintiff clearly knew that Kowalec had not been served because on October 20, 2004, ***more than 1 year later,*** he made another attempt to serve Mr. Kowalec. At that time, however, the summons with which Kowalec was supposedly served had expired and was otherwise invalid.[3]

With respect to Ferguson, plaintiff was fully aware of the defect in the attempted service on Ferguson at least as early as September, 2004 when, in discussions with plaintiff's counsel, Chicago counsel for Cosco explained this sequence of events, that service had been left with Mr. Philpot, and was ineffective. *See* Friedman Decl., *supra*. No exceptional circumstances can be

---

[3]     Consequently, contrary to plaintiff's suggestion, there is no need to debate the truth of Kowalec's Declaration and that of the process server regarding the untimely October 20, 2004 service attempt.

~CHGO1:30566193.v1
309114-10

found given plaintiff's failure to act upon this knowledge – either by attempting to reserve Ferguson or requesting additional time to do so – in a timely fashion.

With remarkable audacity, plaintiff suggests that the exchange between the process server and Philpot, in which the process server showed Ferguson's summons to Philpot, asked where he could be found, and then simply left them with Ferguson (*see* Philpot Decl. ¶ 3) somehow indicates that Philpot interfered with service upon Ferguson.  (Plaintiff's Motion, ¶ 6). There is, however, not a shred of evidence to suggest that Philpot indicated in any way to the process server that he would accept, or was authorized to accept service on behalf of Ferguson.  To the contrary, Philpot specifically states in his Declaration that the server simply handed the documents to Philpot, even though Philpot gave no indication that he was authorized to accept service on Ferguson's behalf.  (Philpot Decl. ¶¶ 3-4).

Moreover, *if* Philpot had accepted Ferguson's summons from the process server on behalf of Ferguson on September 25, 2003, the Return of Service, which indicated that the summons was *personally served* on Ferguson (not any other person accepting on his behalf), and on an entirely different date – September 24, 2003, would be false and perjurious.  Regardless, the fact remains that plaintiff has known for more than 6 months that service on Ferguson was ineffective.  His failure to act timely to seek additional time to serve Ferguson (and Kowalec) is fatal to his Motion.  For these reasons, plaintiff's Motion To Extend Time For Service should be denied.[4]

---

[4]     Plaintiff's suggestion that Ferguson may have been evading service because he now claims to have been in California on September 24, 2003 (Plaintiff's Motion, Para. 1) is wholly unsupportable.  Indeed, the summons for Ferguson shows a California address on it, demonstrating plaintiff's knowledge and expectation that Ferguson might be found in California.

II.     **The Complaint Should Be Dismissed Against Defendants Kowalec and Ferguson Pursuant To Federal Rule of Civil Procedure 4(m) and Local Rule 4.1(b).**

As set forth above, and in opposition to the motions for entry of default against Kowalec and Ferguson, plaintiff has failed to effect service upon defendants in the nearly 2-year time period that this action has been pending. Plaintiff offers no good cause or exceptional circumstances for this delay, and none exists. Pursuant to Federal Rule of Civil Procedure 4(m), the Court should dismiss the Complaint against Kowalec and Ferguson. *See also* Local Rule 4.1(b) ("If on the tenth day following the expiration of the 120 day period good cause has not been shown as provided herein, the clerk shall forthwith automatically enter an order or dismissal for failure to effect service of process, without awaiting further order of court."). Such a result is consistent with the rules, and does not unduly prejudice plaintiff in any way. The actions of which plaintiff complains against Ferguson and Kowalec are no different from those asserted against Cosco, and Philpot.

### III.  <u>CONCLUSION</u>

As set forth above, the time within which plaintiff was to have served Ferguson and Kowalec has long since expired, and plaintiff has failed to demonstrate good cause or other exceptional circumstances for extending the time. Accordingly, plaintiff's failure to serve copies of the Summons and Complaint within the time period required by Fed. R. Civ. P. 4(m) and Local Rule 4.1 requires that the Complaint be dismissed against Kowalec and Ferguson.

~CHGO1:30566193.v1
309114-10

WHEREFORE, Matt Kowalec and Larry Ferguson respectfully request that the

Complaint be dismissed as against them.

COSCO INDUSTRIES, INC., IVAN PHILPOT,
MATT KOWALEC and LARRY FERGUSON,

By their attorneys,


 /s/ Kirsten M. Nelson
Bruce E. Falby (BBO # 554143)
Kirsten M. Nelson (BBO # 634520)
DLA PIPER RUDNICK GRAY CARY US LLP
One International Place, 21st Floor
Boston, MA  02110-2600
(617) 406-6000 (telephone)
(617) 406-6100 (fax)


Dated: April 18, 2005