# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MCCUMBER, )<br>)<br>) <br>) <br>Plaintiff, )<br>)<br>v. )<br>)<br>COSCO INDUSTRIES, INC., )<br>MATT KOWALEC, IVAN PHILPOT, )<br>AND LARRY FERGUSON, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:04-cv-11693-RGS |

## OPPOSITION TO MOTIONS FOR ENTRY OF DEFAULT

Matt Kowalec ("Kowalec") and Larry Ferguson ("Ferguson"), neither of whom have been served in this action, appear now, through counsel and without waiving any defense related to lack of service of process, for the limited purpose of opposing plaintiff's Motions For Entry of Default against Kowalec and Ferguson (the "Motions"). In opposition to the Motions, Kowalec and Ferguson state as follows:

A.  **No default should be entered against Kowalec because he was never properly served.**

In Plaintiff's Motion For Entry of Default Against Defendant Matt Kowalec ("Kowalec Motion"), plaintiff asserts that Kowalec was personally served with a copy of the Summons and Complaint in this action on October 20, 2004. Along with his motion, plaintiff attaches a copy of a Summons, issued from the United States District Court for the District of New Jersey and dated July 23, 2003. (Kowalec Motion, ¶3; Return of Service attached as Exhibit A thereto). As described below, however, there are several significant and fatal defects with the asserted service of process.

~CHGO1:30554087.v1
309114-10

1. **<u>Kowalec was never served.</u>**

The Kowalec Motion references and attaches a Return of Service purporting to indicate that Matt Kowalec was personally served on October 20, 2004 at 7400 Artesia Boulevard, #307 in Buena Park, California, by a process server with a Union, New Jersey address. Kowalec was, however, neither served in the manner described by plaintiff in the Kowalec Motion nor otherwise served with a copy of the Summons and Complaint in this matter. *See* Declaration of Matt Kowalec, ¶ 8 (attached as Exhibit A hereto).

On the date of the alleged service, October 20, 2004, Kowalec was not in present in California. Rather, he was in Chicago, Illinois. (Kowalec Decl. ¶ 7). Indeed, Kowalec has never been physically present at the Buena Park address (Kowalec Decl. ¶¶ 3, 6), making it impossible for him to have been personally served there.

Moreover, the Buena Park address is incorrectly indicated to be an address of Kowalec's employer, Cosco Industries, Inc. *See* Return of Service (Exhibit A to Kowalec Motion); Hopper Affidavit (Exhibit B to Kowalec Motion) at ¶ 5. The 7400 Artesia Boulevard, #307 address in Buena Park California is neither a current or former address of Cosco Industries, Inc. (Kowalec Decl., ¶¶ 3-4). Instead, Kowalec believes that the Buena Park address indicated on the Summons is actually a current or former work address for Larry Ferguson. Furthermore, Kowalec has never authorized anyone at the Buena Park address to accept service on his behalf. (Kowalec Decl. ¶ 6). Because Kowalec was never served with process in this action, no default should be entered against him.[1]

---

[1] In addition, Kowalec and Ferguson suggest that the plaintiff's failure to serve a copy of the Summons and Complaint on them within 120 days of filing requires the Court to dismiss the Complaint against them as is required by Local Rule 4.1(A) and Fed. R. Civ. P. 4(m).

- 2 -

2. **<u>The Summons was not valid at the time of the alleged service.</u>**

Even if Kowalec had been properly served with the Summons that is attached as Exhibit A to the Kowalec Motion on the October 20, 2004 date indicated (which he was not, *see* Section A(1), *supra*), such service is invalid and ineffective for two reasons. First, the Summons was issued from the United States District Court for the District of New Jersey rather than this Court, where this action was pending at the time of the alleged service. Accordingly, the Summons that was allegedly served designated the wrong court, thereby violating Federal Rule of Civil Procedure 4(a) (requiring the summons to be signed by the court, bear the seal of the court, and identify the court).

Second, because the Complaint was filed on July 21, 2003, the Summons issued on July 23, 2003 was required to have been served on or before November 18, 2003. *See* Rule Fed. R. Civ. P. 4(m) and Local Rule 4.1 (requiring service within 120 days after date of filing). Plaintiff, by contrast, made no effort to serve Kowalec until October 20, 2004 – over 11 months too late. Such delay renders the Summons stale, and ineffective for the purpose of serving Kowalec. *See Alexander v. Light*, 1997 U.S. Dist. LEXIS 4260, *8 n.4 (W.D. Mich. March 3, 1997) (summons expires 120 days after issuance, and service of an expired or stale summons does not constitute proper service); *In re Richardson*, 221 B.R. 956, 958 (D. Wy. 1998) (service of stale summons was ineffective). "[B]y [the time defendants were served] the summons which plaintiff used to serve them was stale, having expired after 120 days . . . . Therefore, plaintiff cannot contend defendants were ever properly served." *Alexander v. Light*, 1997 U.S. Dist. LEXIS 4260 at *8 n.4.

Plaintiff has offered no good cause for failing to serve, or even attempting to serve Kowalec within Rule 4(m)'s 120 day limit. "Generally, a party cannot show either good cause or

excusable neglect by claims of simple inadvertence or mistake of counsel, or ignorance of the rules." *Id.* at *10.[2] Plaintiff has also failed to meet the requirements of Local Rule 4.1(B) which requires parties seeking to show cause for the failure to make service within the 120 day period to file a motion for enlargement of time, and requiring automatic dismissal for failure to effect service of process if such a motion for enlargement of time is not filed within ten days of the expiration of the 120 day period. *See* Local Rule 4.1(B).

Under circumstances such as those described here, where plaintiff presents no valid reason why service could not be accomplished within the time limit, or for failing to even request a time extension within the permissible time period, the "Plaintiff's failure to do so not only fails to constitute good cause or excusable neglect, but probably rises to the level of gross neglect." *Alexander v. Light*, 1997 U.S. Dist. LEXIS 4260 at *12. As a result of the failure to comply with Rule 4(m) and Local Rule 4.1 as to the time for serving the Summons and Complaint, plaintiff's Complaint against defendant Matt Kowalec must be dismissed. *See* Local Rule 4.1(B) ("If on the tenth day following the expiration of the 120 day period good cause has not been shown . . . the clerk *shall forthwith automatically enter an order of dismissal* for failure to effect service of process, without awaiting any further order of the court) (emphasis added). As a consequence, the Kowalec Motion must be dismissed.

**B.    No default should be entered against Larry Ferguson because he was never served.**

In plaintiff's Motion For Entry of Default Against Defendant Larry Ferguson ("Ferguson Motion"), plaintiff asserts that Larry Ferguson was served with a copy of the Summons and Complaint in this action on September 24, 2003. In fact, however, no such service of process

---

[2] Plaintiff fails to make any effort to justify the egregious delay in attempting to serve Kowalec, and no such good cause exists. Indeed, during the course of this litigation, and since its transfer, counsel for defendants Cosco Industries, Inc. and Ivan Philpot have discussed the failure to serve Kowalec with plaintiff's prior counsel. Yet no effort was made to effect service or to request additional time to do so under Rule 4(m).

- 4 -

was made, making improper any entry of default against Ferguson. *See* Declaration of Larry Ferguson, ¶ 3, attached as Exhibit B hereto.

The Ferguson Motion and Return of Service attached as Exhibit A thereto suggests that Ferguson was personally served on September 24, 2003 at Cosco Industries' Die Technology Associates facility, 29 Teed Drive in Randolph, Massachusetts. On that date, however, Ferguson was not at that location, but was in California. (Ferguson Decl. ¶ 5). Consequently, personal service upon Ferguson on that date was impossible.

Corroborating Ferguson's account of plaintiff's failure to effect service, Ivan Philpot, a colleague of Ferguson's *was* present at the Teed Drive location in Randolph, Massachusetts, and was personally served there on September 25, 2003. *See* Declaration of Ivan Philpot, ¶ 3, attached as Exhibit C hereto. At the time that Philpot was served (a day *after* Ferguson was allegedly served), the process server showed him the Summons for Larry Ferguson and asked Philpot if he knew where he could find Ferguson. (Philpot Decl. ¶ 3). When Philpot responded that the Buena Park, California address for Ferguson indicated on Ferguson's summons appeared to be correct, the process server simply handed the Ferguson Summons and Complaint to Philpot, saying "I'll just leave this with you," or words to that effect. (Philpot Decl. ¶ 3). Ferguson never authorized Philpot to accept service on his behalf, nor did Philpot indicate to the process server that he was authorized to accept service on Ferguson's behalf. (Philpot Decl. ¶ 4; Ferguson Decl. ¶ 6).

## CONCLUSION

As described above, plaintiff never effected service on either Kowalec or Ferguson. Accordingly, no defaults may be entered against either of them and plaintiff's Motions must be dismissed. Furthermore plaintiff's failure to serve copies of the Summons and Complaint within

the time period required by Fed. R. Civ. P. 4(m) and Local Rule 4.1 require that the Complaint be dismissed against Kowalec and Ferguson.

        MATT KOWALEC and LARRY FERGUSON,

        By their attorneys,

        /s/ Kirsten M. Nelson
        Bruce E. Falby (BBO # 554143)
        Kirsten M. Nelson (BBO # 634520)
        DLA PIPER RUDNICK GRAY CARY US LLP
        One International Place, 21st Floor
        Boston, MA  02110-2600
        (617) 406-6000 (telephone)
        (617) 406-6100 (fax)

Dated: March 17, 2004

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert McCumber ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Cosco Industries, Inc., Matt Kowalec, ) <br> Ivan Philpot and Larry Ferguson, ) <br> ) <br> Defendants. ) | Civil Action No. 1:04-cv-11693-RGS |

## DECLARATION OF MATT KOWALEC

I, Matt Kowalec, pursuant to 28 U.S.C. §1746, state as follows:

1.  My name is Matt Kowalec. I am over 18 years of age, and I make this declaration based on my personal knowledge.

2.  I have reviewed the Motion For Entry Of Default Against Defendant Matt Kowlaec ("Motion"), and attachments thereto, filed on behalf of Robert McCumber, and submit this declaration for the limited purpose of opposing that Motion.

3.  My address is not 7400 Artesia Boulevard #307 in Buena Park, California. I have never lived or been employed at that address.

4.  The 7400 Artesia Boulevard #307 Buena Park, California address is not a current or former address of my employer, Cosco Industries, Inc.

5.  I believe that the 7400 Artesia Boulevard #307 Buena Park, California address is a current or former work address for Larry Ferguson.

6.   I have never been physically present at the 7400 Artesia Boulevard #307 Buena Park, California address indicated on the Return of Service attached to the Motion, nor have I ever authorized anyone at that address to accept service on my behalf.

7.   On October 20, 2004, I was in Chicago, Illinois.

8.   I have never been served with a summons in the above-captioned action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of March, 2005 at Coto De Caza, California.

_____
MATT KOWALEC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert McCumber ) <br> ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Cosco Industries, Inc., Matt Kowalec, ) <br> Ivan Philpot and Larry Ferguson, ) <br> ) <br> Defendants. ) | Civil Action No. 1:04-cv-11693-RGS |

### DECLARATION OF LARRY FERGUSON

I, Larry Ferguson, pursuant to 28 U.S.C. §1746, state as follows:

1. My name is Larry Ferguson. I am over 18 years of age, and I make this declaration based on my personal knowledge.

2. I have reviewed the Motion For Entry Of Default Against Defendant Larry Ferguson ("Motion"), and attachments thereto, filed on behalf of Robert McCumber, and submit this declaration for the limited purpose of opposing that Motion.

3. I was never served with a Summons and copy of the Complaint in the above-captioned action.

4. The Return of Service attached to the Motion wrongly indicates that I was served at Cosco's Die Tech facility at 29 Teed Drive, Randolph, Massachusetts, on September 24, 2003.

5. On September 24, 2003, I was in California, and was not present at the Teed Drive location indicated on the Return of Service attached to the Motion.

6. I have never authorized Ivan Philpot to accept service on my behalf.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 16 day of March, 2005 at Buena Park, California.

_____
LARRY FERGUSON

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robert McCumber<br><br>Plaintiff<br><br>v.<br><br>Cosco Industries, Inc., Matt Kowalec,<br>Ivan Philpot and Larry Ferguson,<br><br>Defendants. | Civil Action No. 1:04-cv-11693-RGS |

## DECLARATION OF IVAN PHILPOT

I, Ivan Philpot, pursuant to 28 U.S.C. §1746, state as follows:

1. My name is Ivan Philpot. I am over 18 years of age, and I make this declaration based on my personal knowledge.

2. I have reviewed the Motion For Entry Of Default Against Defendant Larry Ferguson ("Motion"), and attachments thereto, filed on behalf of Robert McCumber, and submit this declaration in opposition to that Motion.

3. I was served with a copy of the Summons and Complaint in the above-captioned action on September 25, 2003. At that time, the process server asked me where he could find Larry Ferguson, and showed me a Summons with his name on it. I advised the process server that the California address indicated for Larry Ferguson on the Summons appeared to be correct. The process server then said "I'll just leave this with you," or words to that effect, and handed me Larry Ferguson's Summons and Complaint.

4.   Larry Ferguson has never authorized me to accept service on his behalf, nor did I ever indicate to the process server that I was so authorized.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _15_ day of _March_, 2005 at _Arlington_, Texas.

_____
IVAN PHILPOT