UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

ROBERT MCCUMBER,                          )
                                          )
                Plaintiff                 )
                                          )
v.                                        )
                                          )
COSCO INDUSTRIES, INC.,                   )
MATT KOWALEC, IVAN PHILPOT and            )
LARRY FERGUSON,                           )
                                          )
                Defendants                )

## PLAINTIFF'S RESPONSE TO OPPOSTION TO MOTION TO EXTEND TIME FOR SERVICE AND OPPOSITION TO MOTION TO DISMISS AS TO UNSERVED DEFENDANTS

Plaintiff hereby submits his response to Defendants' Opposition to Extend Time for Service and hereby opposes Defendants' Motion to Dismiss as to Unserved Defendants.

### ARGUMENT

1. **Service on Defendant Ferguson.** As argued in Plaintiff's Motion to Extend, despite Defendant Ferguson's position that he was not served with the Summons and Complaint, the process server provided Plaintiff's attorney with a statement under oath confirming that service was accomplished. The process server provided the following description of Defendant Ferguson: SEX: M; AGE: 50s; WEIGHT: 230; SKIN: W; HAIR: Gray. (Exhibit A) **Although Defendant Ferguson claims that he was not served, the written evidence provided by the process server raises the question as to whether or not Defendant Ferguson has been untruthful as to not being served.** Depositions may be taken of both the process server and Defendant Ferguson in order to determine who is being truthful as to service.

In their Opposition, Defendants claim that " Plaintiff also failed to make diligent or timely efforts to serve Ferguson after becoming aware of the facts indicating that service on Ferguson was ineffective". Presumably, Defendant relies on the Declaration of Paula Friedman, in which Attorney Friedman outlines her conversation with Plaintiff's former Attorney, Lisa Curry. Since there is no written confirmation in the file as to that conversation between counsel, Plaintiff's present counsel is at a disadvantage of having any knowledge of the conversation alleged. When Plaintiff's current counsel received the file, it contained the proof of service signed under the pains and penalties of perjury indicating that service was accomplished on Defendant Ferguson. Based on that proof of service, Plaintiff's current counsel moved for Entry of Default against Ferguson. Plaintiff's current counsel first became aware of Defendant Ferguson's allegation that he was not personally served when he provided a Declaration attesting to the same with his Opposition to Plaintiff's Motion for Entry of Default. **Since it has now become a "he said" "she said" situation, Plaintiff has opted to request an extension to re-serve Ferguson instead of entering into a legal debate as to who is telling the truth as to service.** Entering into a legal debate would be timely and prejudicial to all parties. Depositions would need to be taken of both the process server, Defendant Ferguson and Attorney Friedman, who has now disclosed her conversation with Plaintiff's former attorney as to service on Defendants. Plaintiff respectfully requests that this Honorable Court consider all the written evidence in this case (the proof of service signed under the pains and penalties of perjury and Defendant Ferguson's Declaration) and find that it would be unfair to deny Plaintiff's Motion to Extend since there is no efficient way to verify which party is being truthful. Plaintiff did accomplish service on Defendant Ferguson within the 120 day time limit as indicated by the process server. Since Defendant Ferguson now claims that we was not served, Plaintiff respectfully requests that he be allowed an additional 90 days in order to re-serve Defendant Ferguson; or, in the alternative, his counsel accept service.

2. **Service on Kowalec**. As stated in Plaintiff's Motion to Extend, Plaintiff's previous attorneys timely attempted service on Kowalec on September 11, 2003 and October, 2003. On both occasions, service was not accomplished since Defendant Kowalec was not found at the given locations. On September 11, 2003 the process server noted that Defendant Kowalec "bounces between CA and IL offices". This particular circumstance with Defendant Kowalec's traveling schedule made it difficult for Plaintiff to accomplish service. In O'Keefe v. St. Lawrence & Atlantic R. Co, 167 F.R.D. 30, 33 (D.Vt. 1996), the court found that plaintiff made an effort to notify defendant "soon after the filing of the complaint". Although, in *O'Keefe*, plaintiff did not accomplish proper service of process the Court declined to take the "drastic step of dismissal". In the case at bar, Plaintiff made two efforts to accomplish service on Kowalec prior to the 120 day time limit expiration. However, it should be noted that Plaintiff has had three separate law firms handling this action. Clearly, the inadvertence of continuing to trace Kowalec (between the Illinois, California and possibly the Massachusetts offices) to accomplish service was due to excusable neglect.

Furthermore, in the Joint Proposed Scheduling Plan, executed by Defendant Ferguson's and Kowalec's counsel, Kriten Nelson, and by Plaintiff's former counsel, Lisa Curry, the parties agreed that there was a dispute as to whether or not Ferguson and Kowalec were properly served. The file indicates that following the filing of the Joint Proposed Scheduling Plan on September 23, 2004, Plaintiff's counsel, Lisa Curry, sent out for service on Kowalec, which was accomplished on October 20, 2004.

There is no indication that at the time that the parties prepared the Joint Proposed Scheduling Plan, Attorney Kriten Nelson made any objections to Plaintiff's attorney re-attempting service on Defendants. In fact it can be argued that by executing the Plan, which contained a specific paragraph stating that Plaintiff would re-attempt service on Defendant Kowalec, attorney Nelson agreed to allow Plaintiff an extension to accomplish service. It is disconcerting that now Attorney Nelson claims that

Plaintiff's request for an extension, comes "more than 20 months after the Complaint was filed".
Clearly, Attorney Nelson and Attorney Curry discussed in detail her allegations as to service. If
Attorney Nelson felt she had a feasible argument for dismissal, she should have moved for dismissal in
September 2004, instead of agreeing to an extension for Plaintiff's attorney to re-attempt service on
Kowalec.

As argued in Plaintiff's Motion to Extend, despite Defendant Kowalec's position that he was not
served with the Summons and Complaint on October 20, 2004 (as per the agreed extension with
Defendant's counsel), the process server provided Plaintiff's attorney with a statement under oath
confirming that service was accomplished. Although Defendant Kowalec claims that he was not served,
the written evidence provided by the process server raises the question as to whether or not Defendant
Kowalec has been untruthful as to not being served. Depositions may be taken of both the process
server and Defendant Kowalec in order to determine who is being truthful as to service.

**Since it has now become a "he said" "she said" situation, Plaintiff has opted to request an
extension to re-serve Kowalec instead of entering into a legal debate as to who is telling the truth
as to service.** Entering into a legal debate would be timely and prejudicial to all parties. Depositions
would need to be taken of both the process server, Defendant Kowalec and Attorney Friedman, who has
now disclosed her conversation with Plaintiff's former attorney as to service on Defendants. Plaintiff
respectfully requests that this Honorable Court consider all the written evidence in this case (the proof of
service signed under the pains and penalties of perjury and Defendant Kowalec's Declaration) and find
that it would be unfair to deny Plaintiff's Motion to Extend since there is no efficient way to verify
which party is being truthful. **Plaintiff did accomplish service on Defendant Kowalec within 30 days
after the parties agreed to an extension**. Since Defendant Kowalec now claims that we was not

served, Plaintiff respectfully requests that he be allowed an additional 90 days in order to re-serve Defendant Kowalec; or, in the alternative, his counsel accept service.

3. **Motion to Dismiss**. This Court should not dismiss Plaintiff's claims against Defendants Ferguson and Kowalec. As indicated herein, Plaintiff did make diligent efforts to accomplish service on Ferguson and only ceased his efforts when his counsel received a proof of service signed under the pains and penalties of perjury indicating that service was accomplished on September 24, 2003 (**prior to the expiration of the 120 day limit for service**). Also, as indicated *supra*, Plaintiff made diligent efforts to accomplish service on Defendant Kowalec following the filing of the complaint. Although some time did lapse, Plaintiff immediately accomplished service on Kowalec after the parties agreed to an extension to accomplish service. Plaintiff only ceased his efforts to serve Kowalec after his counsel received a proof of service signed under the pains and penalties of perjury indicating that service was accomplished on October 20, 2004 (**less than 30 days after the parties agreed to an extension**).

In <u>McIsaac v. Ford</u>, No. 01-CV-11025-RGS (Mass. 2002), the court found that good cause is likely to be found when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server. If in fact Defendants Kowalec and Ferguson are being truthful as to not being served, then Plaintiff's failure to complete service was as a result of the false statements made by both process servers. In <u>Laird v. Jimenez</u>, Civil Action No. 99-2677, Section "C" (E.D. Louisiana) April 2000), the court found that there were genuine problems with the process server and consequently allowed plaintiff an extension to affect service. Since the Defendants have argued that they were not served and both process servers claim under oath that they accomplished service, evidently, there may be a genuine problem with the process servers. Plaintiff should not be penalized because of the assertions made by the process servers.

Furthermore, it remains Plaintiff's position that Defendant Philpot interfered with service on Defendant Ferguson, as argued in his Motion to Extend. Although, Defendant Philpot claims that he was not authorized to accept service, the fact remains that **he physically accepted** the complaint on behalf of Defendant Ferguson. If in fact his assertions are true, Plaintiff's failure to timely complete service on Ferguson was as a result of the actions of Defendant Philpot.

## CONCLUSION

Dismissal would be a "drastic step" in this case. Therefore, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied and that his Motion to Extend be allowed.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney

Bruce E. Hopper, BBO# 559219
90 Madison Street, Suite 200
Worcester, MA 01608
(508) 754-6168

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2005, I served the above PLAINTIFF'S RESPONSE TO OPPOSTION TO MOTION TO EXTEND TIME FOR SERVICE AND OPPOSITION TO MOTION TO DISMISS AS TO UNSERVED DEFENDANTS by mailing a copy thereof, postage prepaid, to:

Kristen Nelson, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Steven J. Buttacavoli, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Bruce E. Hopper

SERVICE OF: Summons, Civil Cover of Allocation and Assignment, Complaint - Jury Demand

EFFECTED (1) BY ME: OUT OF STATE
TITLE: PROCESS SERVER

DATE: September 24, 03
1:45 PM

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[✓] Served personally upon the defendant:

LARRY FERGUSON C/O DIE TECHNOLOGY ASSOCIATES (COSCO INDUSTRIES)

Place where served:

29 Teed Drive, Randolph, Ma 02368

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

_____

Relationship to defendant: _____

Description of person accepting service:

SEX: M AGE: 50s HEIGHT: 5'10" WEIGHT: 230 SKIN: W HAIR: Gray OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

Other:

## STATEMENT OF SERVER

TRAVEL $ ____.____          SERVICES $ ____.____          TOTAL $ ____.____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Jason Lundy L.S.
SIGNATURE OF OUT OF STATE
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
UNION, NJ 07083

Carl E. Ippolito - Notary Public
Commonwealth of Massachusetts
My Commission Expires
September 4, 2009

EXECUTED ON:

ATTORNEY: DAVID G. UFFELMAN, ESQ.
PLAINTIFF: MCCUMBER
DEFENDANT: COSCO INDUSTRIES, INC. ET ALS
VENUE:
DOCKET: 03 CV 3454 (JCL)

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.