UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| COSCO INDUSTRIES, INC., | ) |
| MATT KOWALEC, IVAN PHILPOT and | ) |
| LARRY FERGUSON, | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF ROBERT MCCUMBER'S MOTION TO AMEND SCHEDULING PLAN

Now comes, Plaintiff Robert McCumber and moves to amend the Scheduling Plan. The current Scheduling Plan requires all depositions to be taken by June 30, 2005. As grounds for this motion, Plaintiff states the following:

1. On March 7, 2005, Plaintiff noticed the depositions of Matt Kowalec, Larry Ferguson, Debbie Brown, Mark Zachem, Brett Moody, Ivan Philpot and Bob Schmidt, the individuals identified by Defendant Philpot's and Cosco's Initial Disclosures. The notices were served on Defendants' Counsel, Kristen Nelson, as the Defendants *specifically stated in their Initial Disclosures that the named individuals were only to be contacted through their counsel.* The depositions were set to start on May 3, 2005. **(Exhibit A)**

2. *Three business days* prior to the scheduled deposition on April 27, 2005, Defendants' counsel, Kristen Nelson, contacted Plaintiff's attorney and indicated that the scheduled depositions were not going to take place as she alleged that the notices were not served pursuant to the Local Rules.

(**Exhibit B**) At that time Plaintiff's attorney requested that Attorney Nelson clarify her position as to her objections to the previously issued notices.

3. From April 27, 2005 until June 15, 2005 Plaintiff's attorney and Defendants' attorney have been discussing the issue of service of the deposition notices. On May 31, 2005 Defendants' attorney Jessie Manchester informed Plaintiff's attorney that she did not have dates of availability for the proposed deponents. On June 2, 2005, Plaintiff's attorney provided Defendants' attorney with a draft copy of a joint stipulation amending the Scheduling Plan. (**Exhibit C**)[1] On June 3, 2005 Defendants' attorney asserted that the subpoenas must be issued from the court for the district where the deposition will be taken. (**Exhibit D**) However, Rule 45 (2) specifies that a subpoena commanding attendance at a *trial* or *hearing* shall be issued from the court for the district in which the *hearing* or *trial* is to be held. On June 13, 2005, Plaintiff's attorney clarified that the Rule provides that the subpoena for attendance at a deposition shall be issued from the court for the district designated by the notice of deposition (in this case by the District of MA) as it acts as if it was issued by the district where the deposition is to be taken. (**Exhibit E**)

4. On June 7, 2005, Plaintiff's deposition scheduled for June 9, 2005, was cancelled by Defendants' attorney, at the request of Defendant Ferguson since he was requesting to attend Plaintiff's deposition. (**Exhibit F**)

5. On June 15, 2005, Defendants' attorney, for no apparent reason, advised Plaintiff's attorney that the individuals they had identified in their Initial Disclosures would not be appearing voluntarily for their depositions. (**Exhibit G**) Accordingly, Plaintiff will now be required to file Motions to Enforce Subpoenas in Illinois. This process will require additional time. Before Plaintiff can file the Motions to Enforce the Subpoenas, the parties must all agree on dates for the depositions.

---

[1] The request was to extend the deadline for depositions until September 30th. However, that time frame is now unrealistic given that Motions to Enforce must be filed in Illinois and possibly in California.

Once the dates are agreed upon, Plaintiff will issue the subpoenas, notices of depositions and Motions to Enforce the Subpoenas to be filed with the Clerk for the Northern District of Illinois. The Clerk has informed Plaintiff's attorney's office that once the motions are received, the Judge for the Northern District of Illinois will advise us whether or not a hearing will need to be held in the District of Illinois or if he or she will rule on the record. Therefore, Plaintiff will require additional time in order to obtain court orders in order to take the depositions of Matt Kowalec, Debbie Brown, Mark Zachem, Brett Moody and Bob Schmidt in the State of Illinois.

6. Defendant Larry Ferguson was successfully served the Summons and Complaint on June 6, 2005. As indicated above, at Defendant Ferguson's request, Plaintiff's deposition scheduled for June 9, 2005 was cancelled, as he requested to be present at Plaintiff's Deposition. Ferguson's attorney has made clear that even if he attends McCumber's deposition in Boston, he will not submit to being deposed in Boston contemporaneously with McCumber's deposition. Therefore, all parties will have to fly to California on another date to accommodate counsel's inefficient request.

7. On June 28, 2005, Plaintiff's attorney provided Defendants' attorney with available dates of depositions and requested that they discuss the filing of a joint stipulation amending the scheduling plan. **(Exhibit H)** On June 29, 2005, Plaintiff's attorney discussed with Attorney Jessie W. Manchester, counsel for Defendants, the filing of a joint stipulation amending the scheduling plan. However, an agreement could not be reached since Attorney Manchester indicated that Defendants would only agree to amend the deposition deadline for an additional sixty (60) days or until August 30, 2005. Sixty days would not be sufficient time to take depositions in Texas, Massachusetts, Illinois, California and New Jersey. As indicated above, before Plaintiff can take witness depositions in the State of Illinois he has to obtain court orders since Defendants' attorney has indicated that the witnesses, who are employees of or consultants for Defendant Cosco (their addresses listed in Defendants' Answers to Interrogatories are a

Cosco address) will not appear voluntarily. Defense counsel has further obfuscated this matter by indicating that certain individuals listed in Answers to Interrogatories with the Cosco Illinois address must be deposed in California. Therefore, although unclear, it appears that Plaintiff must also file a Motion to Enforce Subpoena in California. Plaintiff has made diligent efforts to take depositions in this case. However, Defendants' attorneys have presented one obstacle after another to delay the taking of depositions.

8. On June 20, 2005 Plaintiff's attorney's mother-in-law passed away and he was not back in the office until June 27th.

For the reasons stated herein, Plaintiff respectfully requests that the Scheduling Plan be amended as follows:

Depositions. With the exception of the depositions of expert witnesses, if any, the parties will take all depositions by December 29, 2005.

Expert Witnesses. The Plaintiff will identify any expert witnesses and serve expert witness reports on or before January 31, 2006. The Defendants will identify any expert witnesses and serve expert witness reports on or before February 28, 2006. The parties will take all expert witness depositions on or before March 28, 2006.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney

Bruce E. Hopper, BBO# 559219
Two Foster Street, Suite 300
Worcester, MA  01608
(508) 754-6168

## CERTIFICATE OF SERVICE

I hereby certify that on ___June 29___, 2005, I served the above PLAINTIFF ROBERT MCCUMBER'S MOTION TO AMEND SCHEDULING PLAN by facsimile (without exhibits) and by mailing a copy thereof, postage prepaid, to:

Paula D. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293

Jessie W. Manchester, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Kristen Nelson, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Stephen Agin, Esq.
Piper, Marbury, Rudnick & Wolfe
203 North LaSalle St., Suite 1800
Chicago, IL 60601-1293

_____
Bruce E. Hopper