

**DLA PIPER RUDNICK GRAY CARY**

One International Place, 21st Floor
Boston, Massachusetts 02110-2600
*main* 617.406.6000  *fax* 617.406.6100

JESSIE W. MANCHESTER
jessie.manchester@piperrudnick.com
*direct* 617.406.6001  *fax* 617.406.6101
Member of the Washington State Bar
Member of the Massachusetts State Bar

June 3, 2005

<u>*VIA FACSIMILE (508) 754-6335 &*</u>
<u>*FIRST-CLASS MAIL*</u>

Bruce E. Hopper, Esq.
Two Foster Street, Suite 300
Worcester, MA 01608

    Re: *Robert McCumber v. Cosco Industries, Inc., et al.*
        Civil Action No. 1:04-CV-11693-RGS

Dear Mr. Hopper:

    I am writing in response to your letter dated June 2, 2005 and to confirm our telephone conversation on June 3, 2005.

    As we discussed this morning and as argued previously in our May 2, 2005 letter, we object to producing witnesses for depositions unless you issue and serve proper subpoenas and deposition notices in appropriate locations. The non-party individual witnesses (Messrs. Kowalec[1], Schmidt, Moody, Zachem, and Ms. Brown) cannot be required to appear for depositions without your issuing and serving a subpoena on the witnesses in accordance with Fed. R. Civ. P. 45. In addition to the subpoenas, you are required to re-issue deposition notices for the witnesses in accordance with Fed. R. Civ. P. 30. These notices should be sent to the witnesses with their subpoenas and copies sent to our care at DLA Piper Rudnick Gray Cary US LLP's Boston offices. As you know, the subpoenas must be issued from the court for the district where the deposition will be taken.

---

[1] Though Matt Kowalec is named as a defendant, he has not been served in this action, as reflected by the Court's recent refusal to enter a default against him, and the Court's denial of McCumber's motion for extension of time to serve him.

Bruce E. Hopper, Esq.
June 3, 2005
Page 2

    Although Mr. Philpot is a party to this action and does not require a subpoena, we objected to the May 4, 2005 notice you served because it proposed deposing him in Worcester, Massachusetts. As you know, Mr. Philpot is a resident of Texas, and should not be compelled to incur the expense and inconvenience of traveling to Massachusetts for his deposition. Should you wish to depose Mr. Philpot, you shall have to notice his deposition in Texas. Finally, with respect to Mr. Ferguson, who was not properly served and made a party to this action, we shall insist that he also be served with a proper subpoena to compel his deposition appearance unless he is properly served and made a party to this action.

    As you are unable to attend depositions on the dates we proposed, you proposed the following deposition dates for Messrs. Kowalec, Ferguson and Moody in Orange County, CA: August 2, 3, 4, and 5th or August 23, 24, 25 and 26th. You also proposed the following dates for deposing Mr. Schmidt in Chicago, Illinois: July 20, 21, 26, 27th or August 8th. We agreed to get back to you regarding potential dates to depose Mr. Philpot in Texas and Mr. Zachem and Ms. Brown in Massachusetts. Again, these depositions are contingent upon your issuing and serving proper subpoenas and notices for depositions in appropriate locations.

    In your June 2, 2005 letter you request that we agree to extend the deadline for taking depositions until September 30, 2005. This morning we agreed to base the discovery extension date upon when we actually schedule depositions. However, we should agree upon the extension date sometime next week because the discovery deadline is fast approaching. Please feel free to contact me if you would like to discuss this matter further.

Sincerely,

Jessie W. Manchester

JWM/clc

~BOST1:373520.v1