UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| COSCO INDUSTRIES, INC., | ) |
| MATT KOWALEC, IVAN PHILPOT and | ) |
| LARRY FERGUSON, | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF ROBERT MCCUMBER'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING PLAN**

Now comes Plaintiff Robert McCumber and responds to Defendants' Opposition to Plaintiff's Motion to Amend Scheduling Plan as follows:

**Deposition background:**

1. As Defendants state in their Opposition, Plaintiff originally noticed depositions by serving Defendants' attorneys with notices since Defendants' Initial Disclosures indicated that the listed individuals must be contacted only through their office. **Clearly, if Defendants' attorneys wished to withdraw their request that the individuals be contacted only through their office they should have timely advised Plaintiff's attorney of the same instead of waiting three business days prior to the scheduled depositions to argue that the notices were not properly served.** Defendants' inopportune timing in voicing its objections caused at least a thirty (30) day delay in the scheduling of depositions. On or about when Defendants opposed the deposition notices, Plaintiff agreed that the depositions would take place where the individuals reside. Part of the difficulty of scheduling the depositions is that Defendants' Answers to Interrogatories and oral representations by Defendants'

counsel have conflicted as to the residence and location of depositions for their witnesses and of the parties.

2. **Dispute as to service of subpoenas and deposition notices**. Plaintiff's and Defendants' attorneys have been discussing for some time now the scheduling and noticing of depositions. Unfortunately, there have been miscommunications between Plaintiff's and Defendants' attorneys offices. In an effort to clarify the ongoing conversations and correspondence between attorneys as to the service of subpoenas and notices for depositions, on June 2, 2005 Plaintiff's attorney provided Defendants' attorney with a copy of the subpoena form issued by the United States District Court and explained that these forms would be used to serve the witnesses. In response, on June 3, 2005 Defendants' attorney was adamant that the "subpoenas **must** be issued from the court for the district where the depositions will be taken." [emphasis added] In response, on June 13, 2005 Plaintiff's attorney responded by stating that Defendants' attorney was incorrect in asserting that the subpoenas **must** be issued from the court for the district where the depositions will be taken. The rules provide that the subpoenas can be issued from the District of Massachusetts. Rule 45 (a) (2) and (3) provides that: "An attorney as officer of the court may also issue and sign a subpoena on behalf of (A) the court in which the attorney is authorized to practice; *or* (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is licensed." [emphasis added] Cleary, Defendants' attorney's position that the subpoenas **must** be issued from the court for the district where the depositions will be taken was incorrect since the rules provide that it can be done both ways.

*After* Plaintiff's attorney had provided Defendants' attorney with the subpoena form provided by the Clerk and explained that he intended to use that form to serve Defendants' witnesses (which would have satisfied the requirements established by the rules), Defendants' attorneys indicated that the

witnesses would not be appearing voluntarily. This statement that the witnesses would not be appearing voluntarily lead Plaintiff's attorney to believe that the properly issued subpoenas would not suffice and that the witnesses must be compelled to appear by court order. Since Plaintiff's attorney is flying across the country to take these depositions he did not want to notice the depositions, serve subpoenas, fly to the particular locations to have the witnesses simply not show since Defendants' attorneys' offices had indicated that they would not appear voluntarily. It seems now that Defendants' attorney was merely referring to the same issue that had already been clarified by Plaintiff's attorney's June 2, 2005 letter.

These miscommunications were finally cleared on July 1, 2005, after Plaintiff had filed his Motion to Amend Scheduling Plan. (Exhibit A- Attorney Hopper's July 1, 2005 letter) It is Plaintiff's position that Defendants have *now* clarified that they will not object to Plaintiff serving the non-party individuals listed in their Initial Disclosures with subpoenas issued by the Clerk of the District of Massachusetts and executed by Plaintiff's attorney. Defendants' attorney has also clarified that the non-party witnesses will appear at their depositions without Plaintiff having to obtain court orders in the particular districts in order to compel their appearances at their depositions. With his July 1, 2005 letter, Plaintiff's attorney provided Defendants' attorney with an amendment to Plaintiff's Motion to Amend Scheduling Plan which extended the deadline for depositions until October 31, 2005. Plaintiff has not served deposition notices and subpoenas because the parties have not yet agreed on dates for the depositions. On June 28, 2005 Plaintiff's attorney provided Defendants' attorneys with his available dates. Plaintiff's attorney has not yet received a response from Defendants' attorneys as to dates provided.

3. Contrary to Defendants' assertion, Plaintiff has made diligent efforts to proceed with discovery in this matter. As stated above, the statements made by Defendants' attorneys have unnecessarily delayed an otherwise standard procedure.

### The denial of Plaintiff's Motion to Amend Scheduling Plan would prohibit the taking of *any* depositions.

4.    As outlined in Defendants' Opposition this matter has been ongoing since 2003, however, it should be noted that it was not until May 25, 2005 that Defendants noticed Plaintiff's deposition. To date, Defendants have failed to re-notice Plaintiff's deposition.

5.    Defendants' proposed deadline until August 30, 2005 to take all deposition is unrealistic especially given that depositions must be taken in Chicago, California, Texas, New Jersey and Massachusetts. Plaintiff's proposed deadline until October 31, 2005 is both reasonable and realistic.

For the reasons stated herein, Plaintiff respectfully requests that this Honorable Court allow his motion and extends the deadline for taking depositions until October 31, 2005.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney

*/s/ Bruce E. Hopper*
Bruce E. Hopper, BBO# 559219
Two Foster Street, Suite 300
Worcester, MA  01608
(508) 754-6168

## CERTIFICATE OF SERVICE

I hereby certify that on July 8th, 2005, I served the above PLAINTIFF ROBERT MCCUMBER'S RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING PLAN by mailing a copy thereof, postage prepaid, to:

Paula D. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293

Jessie W. Manchester, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Kristen Nelson, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Stephen Agin, Esq.
Piper, Marbury, Rudnick & Wolfe
203 North LaSalle St., Suite 1800
Chicago, IL 60601-1293

_____
Bruce E. Hopper



## LAW OFFICE OF
# BRUCE E. HOPPER

Two Foster Street, Suite 300
Worcester, MA 01608
Phone: (508) 754-6168 Fax: (508) 754-6335
(800) 423-1272
www.hopperatty.com

BRUCE E. HOPPER                                                                SUGEIL M. SULSONA, PARALEGAL
MARIA M. RIVERA-ORTIZ                                                         IVETTE Y. AMPARO, OFFICE MANAGER

**VIA FAX (312) 236-7516 & REGULAR MAIL**

July 1, 2005

Paula D. Friedman, Esq.
DLA Piper Runick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293

RE:   Robert McCumber v. Cosco Industries, Inc., et al
      Civil Action No. 1:04-CV-11693 (RGS)

Dear Attorney Friedman:

    I am writing in response to your June 30, 2005 letter. I hope that we are coming to a resolution with this ongoing dispute between our offices. I can assure you that I am not ignoring your position, it seems now that for weeks communications between our offices may have been misinterpreted. I will make another attempt to clarify these issues.

    With my June 2, 2005 letter I provided Attorney Manchester with a copy of the subpoena form issued by the United States District Court. I explained in my letter that I can use that form to serve the witnesses. In response, on June 3, 2005 Attorney Manchester was adamant that the "subpoenas **must** be issued from the court for the district where the depositions will be taken." [emphasis added] In response, on June 13, 2005 I responded by stating that she was incorrect in asserting that the subpoenas **must** be issued from the court for the district where the depositions will be taken. The rules provide that the subpoenas can be issued from the District of Massachusetts. In your June 30, 2005 letter, you referenced Rule 45 (a) (2) and (3) which provides that: "An attorney as officer of the court may also issue and sign a subpoena on behalf of (A) the court in which the attorney is authorized to practice; _or_ (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is licensed." [emphasis added] Cleary, Attorney Manchester's position that the subpoenas **must** be issued from the court for the district where the depositions will be taken was incorrect since the rules provide that it can be done both ways.

EXHIBIT A

July 1, 2005
Paula D. Friedman, Esq.
Page 2 of 3
-----------------------------------

*After* I had provided Attorney Manchester with the subpoena form provided by the Clerk and explained that I intended to use that form to serve your clients' witnesses (which would have satisfied the requirements established by the rules), your offices indicated that the witnesses would not be appearing voluntarily. Your statement that the witnesses would not be appearing voluntarily lead me to believe that the properly issued subpoenas would not suffice and that the witnesses must be compelled to appear by court order. As you know, I am flying across the country to take these depositions. I did not want to notice the depositions, serve subpoenas, fly to the particular locations to have the witnesses simply not show since your offices had indicated that they would not appear voluntarily. It seems now that you were merely referring to the same issue that had already been clarified by my June 2, 2005 letter. This was not clear until your June 30th correspondence. I disagree with you that Ms. Manchester explained these issues at least as early as May 2, 2005. Clearly, Ms. Manchester was incorrect by stating that the subpoenas must be issued by the court where the depositions would be taking place since, as explained above, the rules also allow for the subpoenas to be issued by the District of Massachusetts. The statements contained in my motion to amend were based on the correspondence and my understanding of your offices' position up until this past Wednesday. You have *now* clarified your position, therefore, I disagree that my motion contains misrepresentations.

In the interest of moving forward, I want to clarify the following:

1. The non-party witnesses will be served with a deposition notice and a subpoena issued from the District of Massachusetts where I am licensed and the case at bar is being heard.

2. Your office will provide me with the correct addresses for the non-party individuals that are not in Illinois (as indicated by your client's Answers to Interrogatories) and I will serve them directly with a deposition notice and a subpoena issued from the District of Massachusetts, with the exception of Messrs. Schmidt, Kowalec and Moody for whom you have graciously agreed to accept deposition notices only.

As to Paragraphs 4 and 6 of my motion, it was presented to me that Mr. McCumber's deposition was being continued because Mr. Ferguson wished to attend the deposition.

Ms. Manchester's statements during our telephone conversations and the written correspondence and communications I have received by your offices (beginning with Attorney Nelson's inopportune timing in objecting to my initial deposition notices) have convoluted this matter.

I simply want to move forward with taking these depositions. In order to avoid any future confusion, I suggest that it be you and I who deal with the scheduling of depositions. The current situation wherein I am receiving telephone calls from Boston and letters from Chicago obviously has hindered clear communications. I understand that some dates may no longer be available for some of the individuals. My recent correspondence provided my dates of availability. I am flexible as to the location of the depositions as long as it is clearly enunciated to me where the individuals are to be served and deposed.

July 1, 2005
Paula D. Friedman, Esq.
Page 3 of 3
------------------------------------

    As to the motion to amend that has already been filed, I am willing to file an amended motion to adjust the deadline for taking depositions and to include your most recent clarifications. See attached amended motion. Please contact me to discuss this matter further. Thank you.

Very truly yours,

*[signature]*

Bruce E. Hopper

BEH/sms

cc:    Jessie W. Manchester, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER,<br><br>    Plaintiff<br><br>v.<br><br>COSCO INDUSTRIES, INC.,<br>MATT KOWALEC, IVAN PHILPOT and<br>LARRY FERGUSON,<br><br>    Defendants | **DRAFT** |

## PLAINTIFF ROBERT MCCUMBER'S AMENDED MOTION TO AMEND SCHEDULING PLAN

Now comes Plaintiff Robert McCumber who moves to amend his Motion to Amend the Scheduling Plan to include as follows:

1. Defendants' attorney has clarified its position that it will not object to Plaintiff serving the non-party individuals listed in their Initial Disclosures with subpoenas issued by the Clerk of the District of Massachusetts and executed by Plaintiff's attorney.

2. Defendants' attorney has also clarified that the non-party witnesses will appear at their depositions without Plaintiff having to obtain court orders in the particular districts in order to compel their appearances at their depositions.

3. Defendants will amend their answers to interrogatories to state the correct addresses for all the parties listed to have knowledge of any facts relevant to this case.

4. Based on the above agreement between the parties, Plaintiff will not need the deadline to be extended until December 29, 2005, since Motions to Enforce Subpoenas will not need to be filed and heard in other Districts. However, depositions must still be taken in Texas, Massachusetts, Illinois,

California and New Jersey. Therefore, Plaintiff respectfully requests that the Scheduling Plan be amended as follows:

Depositions. With the exception of the depositions of expert witnesses, if any, the parties will take all depositions by October 31, 2005.

Expert Witnesses. The Plaintiff will identify any expert witnesses and serve expert witness reports on or before November 30, 2005. The Defendants will identify any expert witnesses and serve expert witness reports on or before December 31, 2005. The parties will take all expert witness depositions on or before January 31, 2006.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney



_____
Bruce E. Hopper, BBO# 559219
Two Foster Street, Suite 300
Worcester, MA  01608
(508) 754-6168

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2005, I served the above PLAINTIFF ROBERT MCCUMBER'S AMENDED MOTION TO AMEND SCHEDULING PLAN by facsimile (without exhibits) and by mailing a copy thereof, postage prepaid, to:

Paula D. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293

Jessie W. Manchester, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Kristen Nelson, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Stephen Agin, Esq.
Piper, Marbury, Rudnick & Wolfe
203 North LaSalle St., Suite 1800
Chicago, IL 60601-1293

DRAFT
_____
Bruce E. Hopper