UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MCCUMBER<br><br>Plaintiff<br><br>v.<br><br>COSCO INDUSTRIES, INC., MATT KOWALEC, IVAN PHILPOT AND LARRY FERGUSON,<br><br>Defendants. | Civil Action No. 1:04-cv-11693-RGS |

**DEFENDANTS' MOTION FOR RECONSIDERATION OR CLARIFICATION**

Defendants Cosco Industries, Inc. ("Cosco"), Ivan Philpot ("Philpot"), and Larry Ferguson ("Ferguson")[1], hereby request the Court to reconsider its order dated July 19, 2005 granting plaintiff Robert McCumber's Amended Motion to Scheduling Plan ("Amended Motion"), or in the alternative to clarify (a) whether the discovery deadline is extended just for depositions or for all fact discovery, and (b) the effect of such extension on the previously set July 30, 2005 deadline for filing dispositive motions.

As grounds for reconsideration[2], defendants incorporate by reference their previously-filed Opposition To Plaintiff's Motion To Amend Scheduling Plan, filed July 6, 2005 (Docket #48, a copy of which is attached hereto as Exhibit 1). As further grounds for reconsideration, and clarification, defendants state as follows:

---

[1] Matt Kowalec ("Kowalec") has never been served process in this action.
[2] Defendants had planned to file an opposition to McCumber's Amended Motion on July 20, 2005, but shortly before filing received notice of the court's order.

A.   **Plaintiff's Amended Motion Is Facially Deficient.**

As in his first motion to amend the scheduling plan, denied by the Court on July 12, 2005, plaintiff once again fails to demonstrate good cause for the requested reopening and extension of discovery that is required by Local Rule 16.1(g). Pursuant to Local Rule 16.1(g), the scheduling order may only be modified by order of the judge upon "a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." LR, D. Mass 16.1 (g). Indeed, plaintiff's Amended Motion is deficient on its face and should have been denied because it makes no effort whatsoever to justify the plaintiff's request for additional time. Notably, the Amended Motion neither incorporates nor makes any reference to plaintiff's previous motion. As such, the Amended Motion is nothing more than a bald request to reopen and extend discovery for four (4) months, wholly unsupported by any facts or circumstances which could arguably justify the request.

B.   **Plaintiff's Own Lack Of Diligence Does Not Justify Reopening or Extending Discovery.**

There are no facts to justify plaintiff's request to reopen and extend deposition deadlines until October 31, 2005. Under the terms of the original scheduling order, all fact discovery was to be completed by June 30, 2005, and just 1 day before, Plaintiff filed his initial motion for extension. Discovery closed on June 30, 2005, which was confirmed by the Court's July 12, 2005 denial of plaintiff's initial motion to amend the scheduling order. This 25th-hour activity has become typical of plaintiff. Since this case was first transferred from the District of New Jersey in July, 2004 (and before), Plaintiff's failure to comply with the Court's schedule has been a constant. The current circumstance of plaintiff having failed to complete discovery is his own making. Therefore, Plaintiff should not be entitled to amend the scheduling order to extend fact

2

discovery, particularly when his current request to do so comes *after* discovery has already closed.

McCumber has acted with a complete lack of diligence throughout this case. Plaintiff has consistently failed to comply with case deadlines and procedural rules including: failing to effectuate a transfer from the District of New Jersey more than eight (8) months after the judge indicated in the initial case management conference on October 31, 2003 that the case should be transferred to the District of Massachusetts; failing to file a timely answer to Cosco's counterclaim; failing to serve defendants Kowalec and Ferguson within the 120-day period prescribed for service under Fed. R. Civ. P. 4[3]; and failing to make timely initial disclosures pursuant to Fed. R. Civ. P. 26(a) and the date agreed to in the joint statement filed with the Court. In short, McCumber has not acted with reasonable diligence in this case and has shown a disregard for the Court's procedural rules. This Court should not permit plaintiff to amend the scheduling order when he first asked to do so on the eve of the discovery deadline, which deadline has now passed.

### C.  Any Extension Of The Discovery Schedule Should Be Limited.

To the extent that the court denies reconsideration, the schedule proposed in plaintiff's Amended Motion continues to be inappropriate. In the initial scheduling order entered by this Court on September 27, 2004, the parties were given over nine (9) months to conduct fact discovery. As of June 30, 2005, that time has expired, and discovery is now closed. Nevertheless, plaintiff now seeks an *additional* four (4) months to conduct depositions for the same witnesses he has known about and identified at the outset of discovery in this case. Indeed, this is *not* a situation where a party learns of new subjects for discovery too late in the discovery

---

[3]  It was only after this Court (Stearns, J) granted Plaintiff's Motion to Extend Time for Service in part on Reconsideration that Plaintiff served defendant Ferguson on June 6, 2005.

3

phase to fully explore them. To the contrary, nearly all of the witnesses whom plaintiff seeks additional time to depose have been known to him since he originally filed his Complaint in July of 2003 – two (2) full years ago.[4]

**D.    Request For Clarification**

If the Court denies defendants' request for reconsideration, defendants request clarification with respect to two issues. First, plaintiff's Amended Motion requested only an extension of time for taking depositions. Neither the Amended Motion, nor the Court's Order granting the same states whether all discovery (including depositions *and* written discovery) is so extended. It is defendants' position that no extension was requested, and no extension should be granted with respect to written discovery. Second, neither the Amended Motion nor the Court's Order address what effect the discovery extension will have on the existing deadline of **July 30, 2005** for filing dispositive motions.

Accordingly, to the extent that the Court denies the instant motion for reconsideration, defendants request a clarification of the June 19, 2005 Order as follows:

(a)    That the extension granted in the Court's June 19, 2005 Order applies only to the taking of depositions, and does not extend the time for written discovery.

(b)    Any dispositive motions must be filed by November 15, 2005, with 14 days to oppose.[5]

## Conclusion

Through plaintiff's inordinate delay and lack of diligence at numerous stages of this action, this case has seen minimal progress in the 2 full years that it has been pending.

---

[4]    The witnesses were also identified to him in the initial disclosures between the parties more than eight (8) months ago, in November of 2004.

Defendants remain interested in moving this case toward a final resolution, and request that the Court deny plaintiff's Amended Motion upon reconsideration, or clarify that any reopening or extension of discovery and related scheduling be denied, or limited as set forth herein.

For the forgoing reasons, Cosco requests that this Court reconsider or otherwise clarify its Order granting McCumber's Amended Motion to amend the scheduling plan.

        COSCO INDUSTRIES, INC., IVAN PHILPOT and LARRY FERGUSON

By their attorneys,

/s/ Jessica W. Manchester
Bruce E. Falby (BBO #554143)
Kirsten M. Nelson (BBO #634520)
Jessica W. Manchester (BBO #660966)
DLA Piper Rudnick Gray Cary US LLP
One International Place
Boston, MA  02110
(617) 406-6000

Dated: July 21, 2005

---

[5] The original scheduling order included a deadline for filing dispositive motions. A deadline of November 15, 2005, being 30 days after the extension of discovery outlined herein, would be consistent with the original sequencing.