UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MCCUMBER )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>COSCO INDUSTRIES, INC., MATT )<br>KOWALEC, IVAN PHILPOT AND )<br>LARRY FERGUSON, )<br>)<br>Defendants. )<br>) | Civil Action No. 1:04-cv-11693-RGS |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO AMEND SCHEDULING PLAN

Defendants Cosco Industries, Inc. ("Cosco"), Ivan Philpot ("Philpot"), and Larry Ferguson ("Ferguson")[1], hereby oppose Plaintiff Robert McCumber's Motion To Amend Scheduling Plan ("Motion). As grounds for this opposition, defendants state as follows:

### Background

A.  General Case History

Plaintiff Robert McCumber ("McCumber") commenced this action on July 23, 2003 in the District of New Jersey. In the Complaint, plaintiff asserts five counts arising from an allegedly wrongful termination. At a status conference held on October 31, 2003, the District of New Jersey court indicated that the case should be transferred to this District, and directed the plaintiff to submit a consent order to that effect. Plaintiff did nothing to effectuate the transfer until July, 2004. The case was transferred to the District of Massachusetts on July 19, 2004 pursuant to a consent order to transfer.

On September 3, 2004, defendants Cosco and Philpot moved to dismiss the complaint against them.[2] At the initial scheduling conference on September 27, 2004, this Court allowed the motion as to Count IV (tortious interference). Thereafter, Cosco and Philpot filed answers on October 12, 2004. Cosco's answer also asserted a counterclaim against McCumber. The counterclaim alleges breach of contract and unjust enrichment arising from McCumber's failure to perform his job responsibilities while continuing to collect salary and benefits. The reply to the counterclaim was due on November 4, 2004. McCumber did not file a reply and did not seek an extension of time to file a reply to the counterclaim until over one and a half months after it was due.

On September 23, 2004, prior to the initial scheduling conference, the parties conferred and established a proposed schedule for the case. The parties submitted a joint proposed scheduling plan to the court which was approved.[3] Under the ordered schedule, the parties were to make their initial disclosures on November 1, 2004. Counsel for defendants Cosco and Philpot contacted counsel for plaintiff concerning the initial disclosures and counsel agreed to a brief extension until November 9, 2004 to mutually exchange initial disclosures. Cosco and Philpot made their initial disclosures in this case on November 9, 2004. Plaintiff did not make his initial required disclosures until December 22, 2004.

B.   Deposition History

On March 7, 2005, McCumber noticed the depositions of Matt Kowalec, Larry Ferguson, Debbie Brown, Mark Zachem, Brett Moody, Ivan Philpot and Bob Schmidt to occur in

---

[1] Matt Kowalec ("Kowalec") has never been served process in this action.
[2] At that time, neither of the other defendants, Matt Kowalec and Larry Ferguson, had been served. Indeed, it was not until April 8, 2005 that plaintiff moved to extend the time limit for serving Kowalec and Ferguson. That motion was denied by the Court as to both defendants. Then, on reconsideration, the Court allowed plaintiff an additional 60 days to served Ferguson only. Ferguson was finally served on June 6, 2005.

Worcester, Massachusetts on May 3 and 4, 2005. Plaintiff's counsel did not serve subpoenas on any of the non-party witnesses to compel appearance at the May depositions. (At the time of the deposition notices, only defendants Cosco and Ivan Philpot ("Philpot") had been effectively served and made parties to the action.) Moreover, none of the witnesses plaintiff noticed for depositions on May 3 and 4th were residents of Worcester, Massachusetts. Messrs. Ferguson, Kowalec and Moody are all residents of California; Mr. Philpot is a resident of Texas; Mr. Schmidt is a resident of Illinois. Although Mr. Zachem and Ms. Brown are Massachusetts residents, they were non-party witnesses whose appearance at deposition would require a subpoena.

In a telephone conversation on or about April 27, 2005, counsel for defendants Cosco and Philpot notified plaintiff's counsel that non-party witnesses would not voluntarily appear for depositions, and that plaintiff's counsel would have to issue proper subpoenas in order to compel the witnesses to appear. Defense counsel also explained that the Massachusetts location of the depositions was improper since many of the witnesses were non-residents. Defendants' counsel sent a letter to plaintiff's counsel summarizing these deposition objections on May 2, 2005. (A copy of the May 2, 2005 letter is attached hereto as **Exhibit A**.) Then, by letter dated June 3, 2005, defense counsel reiterated these same objections, and explained the procedure for deposing out-of-state witnesses under the Federal Rules of Civil Procedure. (A copy of the June 3, 2005 letter is attached hereto as **Exhibit B**.)

On June 6, 2005, Ferguson was served and made a party to the action. At that time, pursuant to a duly issued Notice of Deposition, defendants Cosco and Philpot were scheduled to

---

[3] Under the terms of the joint scheduling order, all automatic disclosures were to be completed by November 1, 2004, and all fact discovery was to be completed by June 30, 2005 and if either party believed that an expert was

3

depose McCumber. Based upon the recent service upon Ferguson, defendants' counsel requested on or about June 7, 2005, that plaintiff's counsel agree to postpone McCumber's deposition so that Ferguson could adequately prepare and preserve his right as a party to attend the deposition. (*See* June 7, 2005 letter, Exhibit E to Plaintiff's Motion.)

On June 15, 2005, defendants' counsel sent plaintiff's counsel a letter listing dates the witnesses would be available and disagreeing with plaintiff's counsel's assumption that Ferguson would consent to being deposed in Boston. (A copy of this letter is attached as Exhibit G to Plaintiff's Motion.)

### **Argument**

Pursuant to Local Rule 16.1(g), the scheduling order may only be modified by order of the judge upon "a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." LR, D. Mass 16.1 (g). Plaintiff has failed to demonstrate good cause for requesting a modification to the scheduling order and has most certainly failed to articulate why plaintiff should be entitled to extend deposition deadlines until the late date of December 29, 2005. Under the terms of the original scheduling order, all fact discovery was to be completed by June 30, 2005, and just 1 day before, Plaintiff filed his motion for extension. Since this case was first transferred from the District of New Jersey in July, 2004 (and before), Plaintiff's failure to comply with the Court's schedule has been a constant. The current circumstance of having failed to complete discovery are plaintiff's own making. Therefore, Plaintiff should not be entitled to amend the scheduling order to extend fact discovery from nearly six months after the original deadline.

---

necessary they were to file a motion to add expert discovery to the present schedule.

A.    <u>Plaintiff Cannot Blame Defendants For His Failure To Properly Notice Depositions</u>

In his Motion, plaintiff's counsel mischaracterizes the facts and suggests that defense counsel is somehow responsible for frustrating his efforts to complete discovery. For example, plaintiff alleges that defendants did not advise plaintiff's counsel until June 15, 2005 that the individuals noticed for the May 3 and 4th depositions would not be appearing at depositions "voluntarily." See Plaintiff Robert McCumber's Motion to Amend Scheduling Plan ("Motion") at ¶ 5. To the contrary, and as clearly reflected in correspondence, defense counsel has been informing plaintiff's counsel since April 27, 2005 that the non-party witnesses noticed for depositions in May 2005 would not voluntarily appear at depositions without properly issued subpoenas and notices. (*See* May 2, 2005 and June 3, 2005 correspondence, Exhibits A and B hereto). Defense counsel has explained to plaintiff's counsel in numerous letters and telephone communications, that non-party witnesses cannot be compelled to appear at depositions pursuant to Fed. Rule. Civ. Pro. 30 without subpoenas. *Id.* Those same communications also notified plaintiff's counsel that because the proposed deponents Schmidt, Moody, Kowalec, Ferguson and Philpot all reside over 100 miles from Worcester, MA where their depositions were noticed, they should be noticed for deposition within 100 miles of their residency to avoid imposing undue expense and burden upon the witnesses. (*Id.*) Indeed, in the June 3, 2005 letter, defense counsel specifically identified the proper locales for each of these witness's depositions. (*See* Exhibit B).

Notwithstanding defense counsel's efforts to explain the requirements and to work with plaintiff's counsel to schedule, notice and subpoena depositions appropriately over the past two months, plaintiff has failed to re-notice or subpoena any of the witnesses. Indeed, plaintiff's Motion continues to reflect a basic misunderstanding of the deposition procedures. Despite the

efforts of defense counsel to explain the procedure for deposing out-of-state and non-party witnesses, plaintiff is under the mistaken impression that he must file "Motions To Enforce Subpoenas" in the jurisdictions where the witnesses reside in order to have a subpoena issued. (Motion, ¶¶ 5, 7).

Contrary to suggestions inappropriately made in plaintiff's Motion, defendants' insistence upon compliance with the Federal Rules of Civil Procedure is hardly "obfuscation." Non-party witnesses are under no obligation to voluntarily appear for deposition without a properly issued subpoena. Similarly, nothing in the rules requires party witnesses to appear for deposition at a location other than the district in which they reside. Despite the repeated efforts of defense counsel to explain the proper procedures and to schedule these depositions, plaintiff has failed to show any diligence in re-noticing and/or issuing subpoenas for the requested depositions. As a licensed attorney and officer of the Court, plaintiff's counsel can blame no one but himself for any confusion or inaction with respect to these issues.

B.   Plaintiff's Lack of Diligence Does Not Justify Extending Discovery.

McCumber has also failed to establish good cause to justify his request for amending the scheduling plan because he has acted with a complete lack of diligence throughout this case. Plaintiff has consistently failed to comply with case deadlines and procedural rules including: failing to effectuate a transfer from the District of New Jersey more than eight months after the judge indicated in the initial case management conference on October 31, 2003 that the case should be transferred to the District of Massachusetts; failing to file a timely answer to Cosco's counterclaim; failing to serve defendants Kowalec and Ferguson within the 120-day period prescribed for service under Fed. R. Civ. P. 4[4]; and failing to make timely initial disclosures

---

[4] As discussed above, it was only after this Court (Stearns, J) granted Plaintiff's Motion to Extend Time for Service in part on Reconsideration that Plaintiff served defendant Ferguson on June 6, 2005.

pursuant to Fed. R. Civ. P. 26(a) and the date agreed to in the joint statement filed with the Court. In short, McCumber has not acted with reasonable diligence in this case and has shown a disregard for the Court's procedural rules. This Court should not permit plaintiff to amend the scheduling order when he asks to do so on the eve of the discovery deadline.

C.     <u>Any Extension Of The Discovery Schedule Should Be Limited</u>.

To the extent that any extension or amendment may be allowed, the schedule proposed in plaintiff's Motion is inappropriate. In the initial scheduling order entered by this Court on September 27, 2004, the parties were given over nine (9) months to conduct fact discovery. Plaintiff now seeks an *additional* six (6) months to conduct depositions for the same witnesses he has known about and identified at the outset of discovery in this case. If any such amendment is allowed, defendants request that it be limited, with respect to both subject and time, as follows:

- (a) Any additional fact discovery shall be limited to the newly-served defendant, Ferguson, allowing plaintiff and defendant Ferguson to exchange written discovery between them, and to depose each other, with any such discovery to be complete on or before August 30, 2005.
- (b) All other fact discovery is closed.
- (c) Any dispositive motions must be filed by September 30, 2005, with 14 days to oppose.[5]

Defendants further request that plaintiff's Motion with regard to the entry of a schedule for expert discovery be denied. In the original Scheduling Order, the Court stated: "If either side believes that an expert is necessary to the presentation of their case they must file a motion to add expert discovery to the present schedule." Plaintiff's Motion fails to identify any reason

7

why expert discovery is necessary in this case. Consequently, including expert discovery in any amended scheduling order would be inappropriate.

### Conclusion

Through plaintiff's inordinate delay and lack of diligence at numerous stages of this action, this case has seen minimal progress in the 2 years that it has been pending. Defendants remain interested in moving this case toward a final resolution, and request that the Court deny plaintiff's Motion, and that any extension of discovery and related scheduling be limited as set forth herein.

For the forgoing reasons, Cosco requests that this Court deny McCumber's motion to amend the scheduling plan.

COSCO INDUSTRIES, INC., IVAN PHILPOT and LARRY FERGUSON

By their attorneys,

  /s/ Jessica W. Manchester
Bruce E. Falby (BBO #554143)
Kirsten M. Nelson (BBO #634520)
Jessica W. Manchester (BBO #660966)
DLA Piper Rudnick Gray Cary US LLP
One International Place
Boston, MA  02110
(617) 406-6000

Dated: July 6, 2005

---

[5] The original scheduling order included a deadline for filing dispositive motions. Though plaintiff's Motion does not specifically request a revised deadline, a deadline of September 30, 2005, being 30 days after the close of fact

discovery outlined herein, would be consistent with the original sequencing.