UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| COSCO INDUSTRIES, INC., | ) |
| MATT KOWALEC, IVAN PHILPOT and | ) |
| LARRY FERGUSON, | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF ROBERT MCCUMBER'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION AND
PLAINTIFF'S SECOND AMENDED MOTION TO AMEND
SCHEDULING PLAN**

Now comes Plaintiff Robert McCumber and opposes Defendants' Request for Reconsideration and Clarification as follows:

1. As discussed previously in detail in Plaintiff's Motion to Amend Scheduling Plan and in Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion to Amend Scheduling Plan, Plaintiff attempted in good faith to complete discovery by the June 30, 2005 deadline. Unfortunately, due to ongoing disputes between Plaintiff's and Defendants' attorneys offices and Defendants' inopportune timing of their objections to the deposition notices (of parties and witnesses) set for May 2, 2005, discovery was not completed.

2. **Plaintiff attempted to agree with Defendants on the discovery deadline**. On June 2, 2005, Plaintiff's attorney provided Defendant's attorney with a proposed joint stipulation amending the scheduling plan. (Exhibit A) Unfortunately, when no such agreement was reached, Plaintiff filed his own motion to amend the scheduling plan.

3.      **Defendants' have failed to provide accurate addresses of their witnesses**.  In their initial disclosures, dated November 9, 2004, Defendants Cosco and Philpot disclosed several individuals likely to have knowledge of discoverable information, however, *no addresses* for the individuals were provided.  In Defendants' Answers to Interrogatories, dated March 23, 2005 and March 24, 2005, Defendants listed the individuals with their respective addresses.  However, through their attorneys, Defendants have indicated that the addresses for Matt Kowalec, Brett Moody, Mark Zachem and Debbie Brown are incorrect since these individuals do not reside in Illinois.  Defendant's attorneys have indicated that Matt Kowalec and Brett Moody should be deposed California.  Based on these indications, Plaintiff has noticed Messrs. Kowalec and Moody's deposition for September 22, 2005 in Los Angeles, California.  (Exhibit B) Defendants have failed to provide accurate addresses for Mark Zachem and Debbie Brown.  Clearly, Plaintiff has not known the location of the witnesses since the onset of discovery in this case.  Plaintiff has known the names of the individuals since Initial Disclosures, but Defendants indicated that those individuals could only be contacted through defense counsel.  It was not until March 2005 that Defendants provided some of the individuals' accurate addresses.  Defendants have, failed to provide accurate addresses for four of the individuals.  Plaintiff is diligently attempting to obtain accurate addresses of the witnesses from Defendants.

4.      **On June 6, 2005 Defendant Larry Ferguson was successfully served with Summons and Complaint**.  Prior to June 6, 2005, Defendant Ferguson was not identified as a properly served Defendant.  Therefore, no written discovery was served on Defendant Ferguson.  Following Defendant Ferguson's filing of his Answer to the Complaint, on June 28, 2005 Plaintiff propounded interrogatories and requests for production of documents to Defendant Ferguson.  Plaintiff is awaiting Defendant Ferguson's responses to his discovery requests.  Defendant Larry Ferguson is a main party to this action.  As indicated in Plaintiff's Complaint, it was Defendant Ferguson who had in his possession confidential

business secrets and information belonging to Matthews, Defendant Cosco's competitor. Plaintiff was wrongfully discharged after he voiced his objections to the use of Matthew's Profit and Loss report and refused to participate in the use or discussion of the documents. Now that Defendant Larry Ferguson can be identified as a properly served Defendant, Plaintiff has the right to conduct written discovery and depositions for his claims against Defendant Ferguson.

## PLAINTIFF'S SECOND AMENDED MOTION TO AMEND SCHEDULING PLAN

In response to Defendants' request for "clarification", Plaintiff amends his motion to amend scheduling plan as follows:

<u>Depositions and Written Discovery</u>. The parties will take all depositions and complete written discovery by October 31, 2005.

<u>Dispositive Motions</u>. Must be filed by November 15, 2005, with 14 days to oppose.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney


  /s/  Bruce E. Hopper
Bruce E. Hopper, BBO# 559219
Two Foster Street, Suite 300
Worcester, MA  01608
(508) 754-6168

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2005, I served the above PLAINTIFF ROBERT MCCUMBER'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND PLAINTIFF'S SECOND AMENDED MOTION TO AMEND SCHEDULING PLAN by mailing a copy thereof, postage prepaid, to:

Paula D. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293

Jessie W. Manchester, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Kristen Nelson, Esq.
Piper Rubnick, LLP
One International Place
Boston, MA 02110

Stephen Agin, Esq.
Piper, Marbury, Rudnick & Wolfe
203 North LaSalle St., Suite 1800
Chicago, IL 60601-1293


 /s/  Bruce E. Hopper
Bruce E. Hopper