UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-CV-11693(RGS)

| | |
|---|---|
| ROBERT MCCUMBER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| COSCO INDUSTRIES, INC., ) | |
| MATT KOWALEC, IVAN PHILPOT and ) | |
| LARRY FERGUSON, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S REQUEST FOR RECONSIDERATION
AS TO WRITTEN DISCOVERY ON DEFENDANT LARRY FERGUSON**

Plaintiff, Robert McCumber, through his undersigned attorney respectfully requests that this Honorable Court reconsider its August 2, 2005 decision not to allow any written discovery under the extension it previously granted until October 31, 2005 for scheduling of depositions. Plaintiff makes this request as to written discovery on Defendant Larry Ferguson. As grounds for this request, Plaintiff states as follows:

 1. On May 6, 2005 the Court allowed Plaintiff a sixty day extension (60) by which to accomplish service of Summons and Complaint on Defendant Larry Ferguson.

 2. On June 6, 2005 service of Summons and Complaint was accomplished on Defendant Larry Ferguson.

 3. On June 27, 2005 Defendant Larry Ferguson filed his Answer and Jury Demand.

 4. On June 28, 2005 Plaintiff propounded Interrogatories and Requests for Production of Documents to Defendant Larry Ferguson.

5. On August 1, 2005, thirty-four days after service, Defendant Ferguson responded to written discovery by not providing any answers or documents and objected "in their entirety, because they [discovery] were not served sufficiently in advance of the close of written discovery."

6. Prior to the Court's allowance for Plaintiff to accomplish service on Defendant Ferguson, he was not an active party to this action. Defense counsel has been steadfast, persistent and adamant in arguing this position. In fact, the Joint Proposed Scheduling Plan filed in September 2004 was only between Plaintiff and Defendants Cosco Industries and Ivan Philpot. (Exhibit A) **Defendant Ferguson was not included as part of that Proposed Scheduling Plan**. Moreover, that Proposed Scheduling Plan called for written discovery to be served by March 31, 2005. Plaintiff met this deadline by timely serving his discovery requests on Defendants Cosco and Philpot. Defense counsel mailed written discovery to Plaintiff on the last day, March 31st, which was not received until after the deadline. Plaintiff, however, graciously did not object to this and responded to the written discovery. Defendant Larry Ferguson was not identified as a properly served defendant until June 6, 2005. Clearly, Plaintiff could not have completed written discovery on Defendant Ferguson by March 31, 2005 the deadline established with the other two defendants, Cosco and Philpot. A review of the Docket for this action also indicates that on September 27, 2004 a Scheduling Conference was held before Judge Richard G. Stearns and it was established that fact discovery must be completed by June 30, 2005. In this particular order, there was no distinction made between written discovery and scheduling of depositions. The Court simply identified that all fact discovery must be made by June 30, 2005.

7. Defendant Larry Ferguson is a main party to this action. As indicated in Plaintiff's Complaint, it was Defendant Ferguson who had in his possession confidential business secrets and information belonging to Matthews, Defendant Cosco's competitor. Plaintiff was wrongfully discharged after he voiced his objections to the use of Matthew's Profit and Loss report and refused to participate in

the use or discussion of the documents. Now that Defendant Larry Ferguson can be identified as a properly served Defendant, Plaintiff has the right to conduct written discovery and depositions for his claims against Defendant Ferguson.

8. The Court's previous decision to allow Plaintiff to accomplish service on Defendant Larry Ferguson opened the door for Plaintiff to conduct both written discovery and depositions for his claims against Ferguson. Plaintiff will be extremely prejudiced if the Court prohibits him to conduct any written discovery for his claims against the recently identified Defendant, Larry Ferguson. Loc.R.16 (b) (6) provides that a scheduling plan may be modified upon a showing of good cause. It is Plaintiff's position that the fact that Defendant Ferguson was not included in the previous Scheduling Plan and the fact that Defendant Ferguson was not identified as a properly served defendant until June 6, 2005 constitutes "good cause" to amend the Scheduling Plan for the limited purpose of allowing Plaintiff to conduct written discovery on Defendant Ferguson.

For the reasons stated herein, Plaintiff respectfully requests that this Honorable Court reconsider its August 2, 2005 decision and allow Plaintiff to conduct written discovery for his claims against Defendant Larry Ferguson to be completed by October 31, 2005.

Respectfully submitted,
Plaintiff, Robert McCumber,
By his attorney



  /s/  Bruce E. Hopper
Bruce E. Hopper, BBO# 559219
Two Foster Street, Suite 300
Worcester, MA  01608
(508) 754-6168