UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT MCCUMBER<br><br>Plaintiff<br><br>v.<br><br>COSCO INDUSTRIES, INC., MATT KOWALEC, IVAN PHILPOT AND LARRY FERGUSON,<br><br>Defendants. | Civil Action No. 1:04-cv-11693-RGS |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Cosco Industries, Inc. ("Cosco"), Ivan Philpot ("Philpot"), and Larry Ferguson ("Ferguson")[1], for their opposition to Plaintiff's Motion For Reconsideration of the Court's August 2, 2005 Order, state as follows:

As a result of the various motions recently filed with regard to the discovery schedule in this case, this Court is, by now, all too familiar with the relevant facts at issue. Accordingly, rather than rehash all such facts, Cosco, Philpot and Ferguson will briefly address several issues raised in Plaintiff's Motion.

On September 27, 2004, the Court entered a Scheduling Order that required all fact discovery to be completed by June 30, 2005. In the Court's August 2, 2005 Order, a previously-allowed extension of this deadline (entered at plaintiff's request) for depositions was clarified to apply only to depositions, and not to written discovery. Accordingly, all written discovery was closed as of June 30, 2005.

---

[1] Matt Kowalec ("Kowalec") has never been served process in this action.

First, as a basis for instant request to extend written discovery, plaintiff argues that "Ferguson was not identified as a properly served defendant until June 6, 2005." While this representation suggests that plaintiff was *unaware* that Ferguson should be named as a party defendant, the fact is that plaintiff identified Ferguson as a party defendant when this action was originally filed two years ago. It was merely plaintiff's failure to *serve* Ferguson that was remedied on June 6, 2005. Accordingly, plaintiff had always believed that Ferguson should be a defendant, and that he possessed knowledge of facts relevant to plaintiff's claim.

This clarification demonstrates the absence of logic in plaintiff's Motion. Plaintiff argues that he will be prejudiced if he cannot pursue written discovery from Ferguson. However, any such prejudice would be of plaintiff's own making by failing to pursue third party discovery from Ferguson.[2] Indeed, nothing prevented plaintiff from serving third party discovery on Ferguson during the **nine (9) month** discovery period established by the Court's Scheduling Order. (While plaintiff has previously stated that he believed Ferguson had been properly served for much of this time, that fact makes the failure to serve written discovery upon Ferguson even more inexcusable.) Plaintiff makes no showing of good cause to excuse these failures to pursue discovery in a timely manner.

Moreover, plaintiff's claim of prejudice and of good cause for requiring written discovery with respect to Ferguson rings hollow, particularly since plaintiff recently served a notice of deposition *duces tecum* for Ferguson.

Finally, plaintiff's suggestion that the defendants' own written discovery requests were untimely served is absurd. As plaintiff acknowledges, defendants discovery requests were served on March 31, 2005 (Motion, ¶ 6), which was in full compliance with the Court's existing

---

[2] The inability to pursue written discovery would also be the result of plaintiff's own failure to serve Ferguson in a timely manner.

2

schedule. (*See* Scheduling Order, requiring parties to "*serve* all written discovery requests by March 31, 2005 . . .") (emphasis added).

Based upon the foregoing facts, plaintiff has failed to demonstrate good cause for the Court once again reconsidering its Order. For these reasons, Cosco requests that this Court deny Plaintiff's Motion For Reconsideration of the August 2, 2005 Order.

                            COSCO INDUSTRIES, INC., IVAN
                            PHILPOT and LARRY FERGUSON

                            By their attorneys,

                            */s/ Jessica W. Manchester*
                            Bruce E. Falby (BBO #554143)
                            Kirsten M. Nelson (BBO #634520)
                            Jessica W. Manchester (BBO #660966)
                            DLA Piper Rudnick Gray Cary US LLP
                            One International Place
                            Boston, MA 02110
                            (617) 406-6000

Dated: August 4, 2005